## ASTON v. AMERICAN EXPORT LINES, Inc.
### Civ. No. 65–3.

United States District Court
S. D. New York.
May 16, 1951.

John M. Burke and Arnold B. Elkind, New York City, for plaintiff.

Haight, Deming, Gardner, Poor & Havens, New York City (Walter A. Darby, Jr., New York City, of counsel), for defendant.

WEINFELD, District Judge.

Plaintiff-administratrix served a notice to take depositions of the defendant American Export Lines, Inc., by the master, first mate, purser-pharmacist's mate, and chief engineer of its vessel, S.S. Exchange, on which decedent met his death.

Defendant moves to vacate the notice upon the ground that a corporation may only be examined through its officers, directors or managing agents, and that none of these ship's officers, with the exception of the master, comes within that classification.

A corporation may only be examined by an officer, director or managing agent. Moore's Federal Practice, Second Edition, Vol. 4, p. 1035; Cohen v. Pennsylvania R. Co., D.C., 30 F.Supp. 419; Machinoimport v. Clark Equipment Co., D.C., 11 F.R.D. 55, 59. Although the statements of a master are binding upon the vessel's owner, those of a chief mate are not. Naylor v. Isthmian S. S. Co., 2 Cir., 187 F.2d 538. It follows that the defendant may not be examined by lesser officers as its managing agents and the notice is defective in so far as plaintiff attempts to examine the corporation through these persons. However, plaintiff is entitled to obtain their depositions as witnesses and, therefore, the notice need not be vacated in its entirety.

The notice should be modified to recite that the first mate, purser-pharmacist's mate and chief engineer are to be examined as witnesses. Their attendance may be secured by service of subpoenas. Mulligan v. Eastern S.S. Lines, D.C., 6 F.R.D. 601; Spaeth v. Warner Bros. Pic-

tures, Inc., D.C., 1 F.R.D. 729. In the event it develops they are not available for subpoena service, other appropriate remedies are available.

■ The description of the persons sought to be examined conforms with the requirements of Rule 30(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Settle order on notice.