**Ellen R. DUNCAN, as Adm'x of the goods, chattels and credits of Lawrence H. Duncan, deceased, Libelant,**

v.

**UNITED STATES of America, Respondent.**

United States District Court, S. D. New York.

Oct. 20, 1954.

Grabow & Katz, New York City, David M. Fink, Jacquin Frank, New York City, of counsel, for libelant.

J. Edward Lumbard, U. S. Atty., New York City, Tompkins, Boal & Tompkins, New York City, of counsel, for respondent.

DAWSON, District Judge.

This is a motion, under Rule 30(b) of the Rules of Civil Procedure, 28 U.S.C.A., to vacate a notice for the taking of the deposition of the respondent as an adverse party by its Captain, Chief Officer, and Junior Third Officer.

This is an action in Admiralty for the death of the decedent, who was employed as a cook on the S.S. Walt Whitman.

Libelant is, of course, at liberty to examine any of the individuals named in its notice as witnesses and to compel their attendance by subpoena. However, a Chief Officer or a Junior Third Officer is not a managing agent. Aston v. American Export Lines, Inc., D.C.S.D. N.Y.1951, 11 F.R.D. 442. So much of the

notice as seeks to examine the respondent by the Chief Officer and Junior Third Officer is vacated.

██ The respondent states that the Captain, as well as the other two officers, is no longer in the employ of respondent. Libelant presents no proof that the Captain is in the employ of the respondent. If the Captain is not in the employ of the respondent as a managing agent at the time of taking the deposition of the respondent, the respondent is not required to produce him. Wilkerson v. East Harbor Trading Corp., D.C.S.D.N.Y. 1954, 16 F.R.D. 280. In the absence of definitive proof that the Captain is or is not in the employ of the respondent, so much of the notice as provides for the taking of the deposition of respondent through the Captain will not be vacated. However, if the Captain is not produced, the burden will be on the libelant, in any motion under Rule 37, to show that at the time set for the taking of the deposition, the Captain was in the employ of the respondent as a managing agent.