Rose KLOP, as guardian ad litem for
Peter Klop, Plaintiff,

v.

UNITED FRUIT COMPANY and Refrigerated Steamship Line, Inc.,
Defendants.

United States District Court
S. D. New York.

July 12, 1955.

Mark P. Friedlander, Edward A. Aaronson, Washington, D. C., for plaintiffs.

King & Nordlinger, Milton W. King, Bernard I. Nordlinger, Washington, D. C., for defendants.

Arthur Bardack, New York City, for plaintiff. Alfred S. Julien, New York City, of counsel.

Burlingham, Hupper & Kennedy, New York City, for defendants. James W. Lynch, New York City, of counsel.

PALMIERI, District Judge.

This is an action in which a guardian ad litem seeks to recover for personal injuries to one Peter Klop. The accident occurred while Mr. Klop was employed by the Bethlehem Steel Company, which was then engaged in reconditioning a vessel that was allegedly owned, operated, or controlled by defendants.

Several motions have been made by the parties. They will be dealt with seriatim. First, the defendant United Fruit Company moves for summary judgment on the ground that at the time of the accident and for some period prior thereto it did not operate, manage, or control the vessel on which the accident occurred. This motion must be denied. Defendant has not convinced me that it cannot possibly be held responsible for plaintiff's injuries. Indeed, the Bethlehem Steel Company sale order which specified the repairs that were to be performed on the vessel on which the accident occurred carried the name of the United Fruit Company and did not mention the other defendant, Refrigerated Steamship Line, Inc.

Second, plaintiff moves for an order striking certain interrogatories propounded to her by the defendants, and defendant move that the complaint be dismissed unless plaintiff answers the interrogatories. The interrogatories ask for the names and addresses of persons known to the plaintiff, her representatives, or Peter Klop (1) "to have knowl-

edge of the relevant facts," and (2) "to have witnessed the occurrence for which this action has been brought." They also ask for the names and addresses of persons from whom plaintiff, her representative, or Peter Klop obtained (1) "written statement(s) concerning the relevant facts," (2) "report(s) of the occurrence for which this action" was brought, and (3) "oral statement(s) concerning the relevant facts." The interrogatories also seek to determine the identity of the persons who procured the statements and reports and the identity of persons who now have custody of the statements and reports.

Plaintiff objects to answering those portions of the interrogatories which request information from her representatives because she believes that this information is part of the work product of her attorneys which is not available to defendants in accordance with the ruling in Hickman v. Taylor, 1946, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. Plaintiff is mistaken. Hickman v. Taylor involved statements prepared by attorneys and not the names of the persons from whom the statements had been procured. In that case the Supreme Court pointed out that the names of the persons from whom the defendant's attorney had procured statements were known to the plaintiff and that his attorney could question them and secure their statements by his own efforts. See 329 U.S. at pages 508, 518, 67 S.Ct. at pages 392, 397. Indeed, the Court was careful not to foreclose the possibility that statements procured by an attorney might be subject to discovery. For example, the Court said that "production might be justified where the witnesses are no longer available or can be reached only with difficulty." 329 U.S. at page 511, 67 S.Ct. at page 394.

■ In the instant case defendants do not ask for the statements prepared by plaintiff's attorneys. They ask for the names and whereabouts of the persons who made the statements in order that they may seek them out and procure statements from them through their own efforts. They are clearly entitled to this information under the Rules.

■ But when defendants ask for the names of persons "known to" plaintiff's representative to have knowledge of the relevant facts or to have witnessed the accident, they are asking the plaintiff's attorneys to testify. Defendants do not contend that plaintiff's attorneys have any personal knowledge of the accident. It would seem that whatever knowledge plaintiff's attorneys have, they have procured through questioning the parties and witnesses. Once defendants are given the names of the persons who have made statements to the plaintiff's attorneys, defendants can ask those persons whether they know of any other persons who have or might have knowledge of the relevant facts. They do not have the right to ask plaintiff's attorneys for such information unless they show good cause for their request. This they have not done and this portion of the interrogatories need not be answered.

■ One more point remains about the interrogatories. Defendants have asked for the identity and location of those persons who secured statements and have custody over them. This request is premature. There is no showing that the persons from whom plaintiff's attorneys received statements are not available for questioning by defendants. If it should later appear that such is the case, the information could then be requested.

To sum up: Plaintiff should answer interrogatories numbered "1" and "2" after the words "her representatives" have been stricken from those interrogatories. Plaintiff should answer interrogatories numbered "3" and "4" after the words from "including" to the end of those interrogatories have been deleted therefrom. And plaintiff should answer interrogatory number "5" after the words from "stating" to the end of that interrogatory have been deleted. The orders submitted for signature should contain a

provision to the effect that the answers to the interrogatories be supplemented from time to time as may be necessary and that the supplementary information, if any, should be supplied to defendants not later than 15 days before the trial of the action.

 Third, defendant Refrigerated Steamship Line, Inc. moves that the notice to take its deposition by its second mate be vacated because the second mate is not an officer or managing agent of the corporation. The Rules provide that the testimony of a party may be taken "by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes." Fed.R.Civ. P. 26(a), 28 U.S.C.A. Although the rules do not state which natural persons are qualified to answer for the corporation, the Courts have inferred from Rule 37(d) that only officers and managing agents of a corporate party are qualified to be examined as the party. See Krauss v. Erie R. Co., D.C.S.D.N.Y.1954, 16 F.R.D. 126; Campbell v. General Motors Corp., D.C.S.D.N.Y.1952, 13 F.R.D. 331. Since it is clear that the second mate is not an officer of the corporate defendant, the only question is whether he was a managing agent.

In my opinion the second mate was a managing agent of the corporation. At the time of the accident he was in charge of the vessel and had general supervisory authority over it. See Aston v. American Export Lines, Inc., D.C.S.D.N.Y.1951, 11 F.R.D. 442; Wilson v. Trinidad Corp., D.C.S.D.N.Y.1951, 11 F.R.D. 191; Fruit Growers Co-Op v. California Pie & Baking Co., Inc., D.C.E.D.N.Y.1942, 3 F.R.D. 206. He can be expected to comply with a request by the corporate defendant that he appear and testify, and his position is of such a nature that he can be expected to identify himself with the interests of the corporation rather than those of the injured workman. See Bernstein v. N. V. Nederlandsche-Amerikaansche Stoom-

vaart-Maatschappij, D.C.S.D.N.Y.1953, 15 F.R.D. 37, 38. Moreover, if the corporation has any reason to disavow his testimony so as to prevent its use for any purpose at the trial, as provided in Rule 26(d) (2), the corporation can do so at the trial. See Curry v. States Marine Corp. of Delaware, D.C.S.D.N.Y. 1954, 16 F.R.D. 376. Motion to vacate the notice of deposition denied.

Settle orders on notice in accordance with this Opinion.