William A. SUTHERLAND, Plaintiff,

v.

UNITED STATES of America, Adolph J. Urban, Harold M. Somberg, James L. Field and James S. Sullivan, Defendants.

Civ. A. No. 18993.

United States District Court
E. D. New York.

April 16, 1959.

Reargument Denied May 18, 1959.

Klein, Sardaro & Nolan, New York City, for plaintiff, by Xavier N. Sardaro, New York City, of counsel.

John J. O'Connor, New York City, for defendant Harold M. Somberg.

Cornelius W. Wickersham, Jr., Brooklyn, N. Y., U. S. Atty., for E. D. of New York, by Benjamin H. Berman, New York City, Atty. in Charge, Walter L. Hopkins, Atty., Admiralty and Shipping Section Dept. of Justice, New York City, of counsel.

BYERS, Chief Judge.

This is a defendant-Government's motion, in a Federal Tort Claims case, to

strike and quash a notice of examination of the United States as an adverse party; by stipulation the motion is restricted to Doctor John Bowden, Medical Director of the United States Public Health Service Hospital at Stapleton, Staten Island. For reasons briefly to be stated, the motion is denied.

This is an alleged mal-practice cause in which the plaintiff asserts that he has sustained serious personal injuries as the result of the ligating of the common carotid artery instead of the external carotid artery; it was to accomplish that purpose that the plaintiff underwent an operation in the said hospital on November 25, 1957.

 Those who are said to have officiated were Doctors Urban, Somberg, Field and Sullivan. Since the plaintiff was under anesthesia at the time, he could not know who it was who performed the operation itself. To secure the necessary information he seeks discovery from the head of the institution and an inspection of all pertinent records of the institution.

One of the important questions seems to be the legal status of Dr. Somberg at the time.

Obviously the plaintiff is entitled to the discovery sought as a matter of plain justice.

The motion is based upon the contention that the sovereign enjoys immunity from that which would be required of a private litigant in such circumstances.

The Tort Claims Act (Tit. 28, Sec. 1346(b)) establishes the jurisdiction of the district courts over civil actions on claims against the United States for "money damages, accruing on and after January 1, 1945 for injury * * * or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accord-ance with the law of the place where the act or omission occurred."

There is no argument made that under the law of this State, liability on the part of a private hospital would not exist. See Bing v. Thunig, 1957, 2 N.Y.2d 656, 163 N.Y.S.2d 3, 143 N.E.2d 3.

The sole contention offered is that of sovereign immunity from the discovery process. Reliance is had upon decisions of the State courts, but the short answer is that there is no comparable statute in New York, to the Federal Tort Claims Act.

Matters of procedure are therefore governed by the Federal Rules, and interpretative decisions. The discussion by Judge Weinfeld in Warren v. United States, D.C., 17 F.R.D. 389, is helpful and will be followed. See also Fay v. United States, D.C., 22 F.R.D. 28, in which Judge Zavatt had to deal with a similar question in a case arising under the Public Vessels Act, 46 U.S.C.A. § 781 et seq.

 It seems too clear for extended discussion, that the Government having consented to suit against it as to a possible liability which would attach to a private person, thereby submits itself to all requirements of procedure which are appropriate to the prosecution of such a controversy. Among them, discovery is not the least important.

Motion denied; settle order to contain all needed directions to render the notice effectual.

### On Motion for Reargument

BYERS, Chief Judge.

This motion for reargument is denied for the reason that the allegations of the cross-complaint cannot be deemed to be obviously insufficient in the legal sense. When the evidence shall have been taken, the court will be sufficiently advised to enable it to make an informed ruling upon the defendant Somberg's motion to dismiss.

Settle order.