UNITED STATES of America, as owner of THE YD 209, Libelant,

v.

THE Tugs DOROTHY McALLISTER and THE A. J. McALLISTER, and McAllister Brothers, Inc., Claimant-Respondent.

United States District Court
S. D. New York.
June 29, 1959.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, for libelant, Benjamin H. Berman, Atty. in Charge—New York Office, Admiralty and Shipping Section, Dept. of Justice, New York City, Louis E. Greco, Atty., Admiralty and Shipping Section, Dept. of Justice, Washington, D. C., Captain Morris G. Duchin (U.S.N.) Sp. Atty., Admiralty and Shipping Section, Department of Justice, New York City, of counsel.

Foley & Martin, New York City, for claimant-respondent. Thomas J. Irving, New York City, of counsel.

HERLANDS, District Judge.

The Government, as libelant in this admiralty action, moves under F.R.Civ.P. rule 30(b), 28 U.S.C.A., to vacate the respondent's notice to take the pre-trial deposition of the libelant by "A. R. Fletcher, Chief Boatswain's Mate, U. S. Navy, who at the time of the incident referred to in the libel herein was master of the U. S. Navy Tug Nadli, YTB 534; Spencer D. Wright, Commander, U. S. Navy; the Command Duty Officer of the USS Intrepid on duty at approximately 8:30 P.M., Eastern Daylight Saving Time, May 5th, 1957."

The Government is willing to have Fletcher and Wright examined as wit-

nesses but objects to their proposed examination as "managing agents" of the libelant. The practical consequences of this distinction are referred to in the cases hereinafter cited.

The libelant's moving affidavit describes the official position, duties and functions of Fletcher and Wright; and, on the basis of such asserted facts, concludes that the proposed witnesses do not measure up to the criteria which define the necessary attributes of a "managing agent" for purposes of a pre-trial deposition under F.R.Civ.P. rule 26. The opposing affidavit of respondent details the factual reasons why it is claimed that the proposed witnesses should be considered as "managing agents."

■ It is clear that the libelant can be examined through its managing agents, notwithstanding the circumstance that the libelant is the United States of America. Warren v. United States of America, D.C.S.D.N.Y.1955, 17 F.R.D. 389; Fay v. United States of America, D.C.E.D.N.Y.1958, 22 F.R.D. 28.

■ The question whether a particular deponent is a "managing agent" of one of the parties for purposes of pre-trial discovery proceedings (F.R.Civ.P. rules 26 et seq.) is to be answered pragmatically on an *ad hoc* basis.

■ The decisions hold that some of the practical considerations to be appraised are (1) whether there is any danger that the proposed deponent's interests at the time of the taking of the deposition are adverse or hostile to the party whose managing agent he is alleged to be; otherwise stated, whether the deponent's interests are still identified with his principal's and whether he is loyal to his principal; (2) whether the deponent is invested by his principal with general powers to exercise his judgment and discretion in dealing with his principal's matters with respect to the sub-

ject-matter of the litigation; (3) whether the deponent is a person who could be depended upon to carry out his principal's direction to give testimony at the demand of a party engaged in litigation with the principal; (4) what are the deponent's functions, powers and duties (as well as his rank or title) with reference to the subject-matter of the litigation; (5) whether any person or persons in higher authority than the deponent sought to be examined are in charge of the particular matter or possessed of the information as to which the examination is sought. Curry v. States Marine Corporation of Delaware, D.C.S.D.N.Y. 1954, 16 F.R.D. 376; Rubin v. General Tire & Rubber Co., D.C.S.D.N.Y.1955, 18 F.R.D. 51; Warren v. United States of America, D.C.S.D.N.Y.1955, 17 F.R.D. 389; Aston v. American Export Lines, Inc., D.C.S.D.N.Y.1951, 11 F.R.D. 442; Williams v. Lehigh Valley Railroad Company, D.C.S.D.N.Y.1956, 19 F.R.D. 285; Duncan v. United States, D.C.S.D.N.Y. 1954, 16 F.R.D. 568; Denoto v. Pennsylvania Railroad Co., D.C.S.D.N.Y.1954, 16 F.R.D. 567.

■■ In the case at bar, the proper characterization of the two proposed deponents as "managing agents" is not free from doubt. However, the doubt should be resolved in favor of the examining party because the ultimate determination—that the libelant herein is or is not bound by the testimony of Fletcher and Wright—"is to be made by the trial court." Rubin v. General Tire & Rubber Co., supra, 18 F.R.D. at page 56; Curry v. States Marine Corporation of Delaware, supra, 16 F.R.D. at page 377; Moore's Federal Practice (2d ed.) vol. 4, pp. 1191, 1192.

In view of the foregoing, the libelant's motion to vacate the notice to take the testimony of the libelant by Fletcher and Wright is hereby denied. This decision constitutes an order.