Maxwell SHENKER, Libellant,

v.

UNITED STATES of America, Respondent, and American Stevedores, Inc., Respondent-Impleaded.

Adm. No. 20661.

United States District Court
E. D. New York.

Jan. 26, 1960.

Fuchsberg & Fuchsberg, New York City, Richard Minton, of counsel, for libellant.

Cornelius W. Wickersham, Jr., Brooklyn, U. S. Atty., Benjamin H. Berman, New York City, Atty. in Charge, Admiralty & Shipping Section, Dept. of Justice, Morris G. Duchin, New York City, of counsel, for respondent.

George J. Conway, New York City, for respondent-impleaded.

BARTELS, District Judge.

■ This action was instituted by libellant against the United States of America as respondent pursuant to the Public Vessels Act, 46 U.S.C.A. §§ 781–790, for $150,000 for personal injuries sustained by him while on board respondent's vessel USNS Lt. Craig in the course of his employment by the impleaded respondent. Libellant and impleaded respondent both served notices to take the deposition of respondent through an officer of the USNS Lt. Craig, requiring respondent at the same time to produce at the hearing all books and records pertaining to the matter. Both notices are alike except (i) libellant's notice seeks the deposition of the master or other officer of the vessel "and of the respondent" and (ii) impleaded respondent's notice

purports to hold the examination on a Sunday afternoon. Since no witness was served with a subpoena it appears from the papers that libellant's notice actually intends to refer to only the examination of the respondent but the present wording of the notice is not so limited and it is therefore defective. No examination may be held on Sunday and in this respect impleaded respondent's notice must be corrected accordingly.

Respondent moves to vacate both notices upon the grounds that (1) they do not comply with the requirements of Rule 30(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., in that they both purport to examine respondent through the master or other officer or "servant or employee familiar with the facts", (2) respondent United States of America may not be examined through witnesses but only through its officers or managing agents, and (3) the notice improperly requires the production by the witness of "all papers, records, statements, books and documents" in respondent's possession.

■ There can be little dispute that the Government is not immune to this procedural process. Like any other party to a civil litigation the Government is bound by the same rules which apply to all other litigants including the Federal Rules of Civil Procedure and its discovery remedies.[1]

■ Referring to the first objection, it has been consistently held that the Rules of Civil Procedure do not require respondent to determine the identity of the individuals to be examined and that notices which seek to take depositions of adverse parties through individuals "familiar with the facts" violate Rule 30(a) of the Federal Rules of Civil Procedure.[2] While the above description of persons to be examined is an improper identification, the specification of "the captain" or "the master" of a vessel is a sufficient identification of the person to be examined.[3]

■ The witnesses sought to be examined in this proceeding are patently not officers of the United States, so that the second objection involves the meaning of the term "managing agent" as used in Rule 26(d) (2) and Rule 37(d) of the Federal Rules of Civil Procedure. Since Rule 37(d) which creates the remedy for the failure of a party to attend the hearing refers only to "an officer or managing agent of a party" who fails to appear, it follows that directors or employees are not persons through whom a party may be examined.[4] In each case the facts differ and the solution requires an examination of many elements. The scope of the agent's authority is not always clear but depends upon the circumstances and conditions of his engagement and the description of his duties. In order to establish tests which can be used in determining who is a managing agent, certain criteria have been outlined by the authorities.[5] Without setting forth

1. Bank Line v. United States, 2 Cir., 1947, 163 F.2d 133, 138; Warren v. United States, D.C.S.D.N.Y.1955, 17 F.R.D. 389; Fay v. United States, D.C.E.D.N.Y.1958, 22 F.R.D. 28; Sutherland v. United States, D.C.E.D.N.Y.1959, 23 F.R.D. 247.

2. United States v. Gahagan Dredging Corp., D.C.S.D.N.Y.1958, 24 F.R.D. 328, 1959 A.M.C. 1589; Park & Tilford Distillers Corp. v. Distillers Company, Ltd., D.C.S.D.N.Y.1956, 19 F.R.D. 169; Williams v. Lehigh Valley Railroad Company, D.C.S.D.N.Y.1956, 19 F.R.D. 285.

3. Fay v. United States, supra; Mattingly v. Boston Woven Hose & Rubber Co.,

D.C.S.D.N.Y.1952, 12 F.R.D. 266; Naylor v. Isthmian S.S. Co., 2 Cir., 1951, 187 F.2d 538, 540; Aston v. American Export Lines, D.C.S.D.N.Y.1951, 11 F.R.D. 442.

4. Campbell v. General Motors Corp., D.C.S.D.N.Y.1952, 13 F.R.D. 331, 332.

5. Krauss v. Erie R. Co., D.C.S.D.N.Y.1954, 16 F.R.D. 126; Rubin v. General Tire & Rubber Co., D.C.S.D.N.Y.1955, 18 F.R.D. 51, 56; Klop v. United Fruit Company, D.C.S.D.N.Y.1955, 18 F.R.D. 310, 312; United States v. The Dorothy McAllister, D.C.S.D.N.Y.1959, 24 F.R.D. 316, 318.

all the applicable guides it might be stated in short that a person who is vested with general supervisory authority with full power to exercise judgment and discretion in managing and dealing with the principal's interest in the subject matter of the litigation and is loyal to the principal, is a managing agent. Accordingly, it has been held that a captain or chief officer of a vessel satisfies these criteria and is a managing agent whose deposition may be taken within the meaning of the rules.[6] The ultimate question as to whether the respondent is to be bound by the testimony of the captain or master of the USNS Lt. Craig because of his loyalty or lack of loyalty to his principal, is to be determined by the trial court.[7]

Respondent's final objection to the notices is that they require the production of certain books and documents. Earlier authorities permitted the production of books and documents pursuant to a deposition notice,[8] the theory being that the notice was equivalent to a motion to order production under Rule 30 and that a subpoena duces tecum was an empty formality.[9] Rule 37(d), however, imposes no sanctions for the failure of a party to produce books and documents pursuant to a deposition notice and there is no precedent for treating such notice as a motion. In the interest of a speedy determination of the action, consideration perhaps should be given to the amendment of both Rule 26(b) and Rule 37(d) to provide that the production of books and documents may be compelled under a deposition notice and that sanctions may be imposed in case of default.[10] Other remedies, however, remain available to the parties in this case. Rules 45 and 34 specifically set forth the procedure to be utilized for the production of books, documents and records and provide for a remedy in case of default. Because of the above reasons, it has been held by the more recent cases that a deposition notice may not require the production of such books and documents.[11]

Summarizing, respondent may be examined through the captain or the master of the vessel but it may ignore that part of both notices requiring the production of respondent's books and documents. The examination shall be held on or before February 9, 1960 and the notice in each case should be modified in accordance with this opinion. The Court will fix the time and place of the examination if counsel cannot agree. Settle order on notice.

6. United States v. The Dorothy McAllister, supra; Fay v. United States, supra; Duncan v. United States, D.C.S.D.N.Y. 1954, 16 F.R.D. 568; Aston v. American Export Lines, supra; Naylor v. Isthmian S.S. Co., supra.

7. Rubin v. General Tire & Rubber Co., supra; United States v. The Dorothy McAllister, supra.

8. Smith v. Bentley, D.C.S.D.N.Y.1949, 9 F.R.D. 489; Society of Independent Motion Picture Producers v. United Detroit Theatres Corp., D.C.Mich.1948, 8 F.R.D. 453.

9. 4 Moore's Federal Practice, 2d Ed., p. 1053, par. 26.10.

10. A similar amendment to § 296 of the New York Civil Practice Act was required with respect to the production of books and documents upon notice to a party. See, New York C.P.A. § 296 and Twenty-First New York Judicial Council Report (1955) pp. 163–167; cf. Ritzwoller v. Lurie, 1923, 204 App.Div. 768, 198 N.Y.S. 754.

11. Bank of America, etc. v. Loew's Intern. Corp., D.C.S.D.N.Y.1956, 18 F.R.D. 491; see, Chemical Specialties Co., Inc. v. Ciba Pharmaceutical Products, Inc., D.C.N.J. 1950, 10 F.R.D. 500, 502.