**Vernon PROSEUS, Plaintiff,**

v.

**ANCHOR LINE, LTD., Defendant and Third-Party-Plaintiff,**

v.

**BAY RIDGE OPERATING CO., Inc., Third-Party-Defendant.**

United States District Court
S. D. New York.
Nov. 22, 1960.

Haight, Gardner, Poor & Havens, New York City, for third party plaintiff.

Kirlin, Campbell & Keating, New York City, for third party defendant.

DIMOCK, District Judge.

Third party defendant has moved to dismiss the complaint of third party plaintiff pursuant to Rule 37(d), F.R.Civ. P., for failure of third party plaintiff to appear for examination before trial.

Plaintiff in this action is a longshoreman employee of third party defendant who claims to have been injured while working aboard the vessel of defendant and third party plaintiff. The third party complaint alleges the primary negligence of third party defendant and the breach of its warranty of workmanlike service.

Third party defendant served upon third party plaintiff three separate notices of pre-trial examination none of which was complied with. The first notice sought to examine third party plaintiff by the master of the vessel "or some other officer having knowledge, concerning all the relevant facts and circumstances in connection with the alleged injury"; the second notice sought to examine it by the pier superintendent at the time of the alleged injury; and the last notice sought examination of third party plaintiff "by certain of the officers or other persons" of the vessel "who were charged with the responsibility of preparing the vessel for loading and discharging cargo or the officer or other individual who was in charge of mooring the vessel upon her arrival in port."

The facts contained in third party plaintiff's affidavit concerning the status of the prospective deponents are not disputed. The pier superintendent is not an employee of third party plaintiff but rather of its general agent in New York, Charles Hill & Sons, Inc. Three crew members still in third party plaintiff's employ, a bos'n, a carpenter and an able bodied seaman, have been discovered to have knowledge of the accident. Finally, only one of the vessel's officers at the time of the accident is still employed by third party plaintiff. The officer who remains in the employ of third party plaintiff was chief officer at the time of the alleged injury and is now second officer on vessels sailing between the United Kingdom and India.

Since Rule 37(d), F.R.Civ.P. authorizes sanctions against a party only if the party or its officer or managing agent fails to appear for pre-trial exam-

ination, courts have held that a corporate party may be examined only through its officers, or managing agents. E. g., Shenker v. United States, D.C.E.D.N.Y., 25 F.R.D. 96, 98; Williams v. Lehigh Valley R. Co., D.C.S.D.N.Y., 19 F.R.D. 285; 4 Moore, Federal Practice 1035. There are, of course, important advantages in examining a prospective deponent as an officer or managing agent of the adverse party rather than as a witness. Admissions made by the deponent will be binding on his principal. Further, the party employing the deponent must bear both the responsibility for, and the expense of, producing him for examination.

■ There can be no doubt in the present case that the crew members do not qualify as officers or managing agents of third party plaintiff, and that as mere employees they need not be produced by it for examination. See, e. g., Williams v. Lehigh Valley R. Co., D.C. S.D.N.Y., 19 F.R.D. 285, supra; 4 Moore, Federal Practice 1051; but see Fruit Growers Co-op. v. California Pie & Baking Co., Inc., D.C.E.D.N.Y., 3 F.R.D. 206. The pier superintendent, who is not and was not employed by third party plaintiff, obviously does not qualify as an officer or managing agent. Also, third party plaintiff may not be examined through ship officers who are no longer in its employ. E. g., Park & Tilford Distillers Corp. v. Distillers Co., D.C.S.D.N.Y., 19 F.R.D. 169; Duncan v. United States, D.C.S.D.N.Y., 16 F.R.D. 568; 4 Moore, Federal Practice 1035; but see M. A. Porazzi Co. v. The Mormaclark, D.C.S.D. N.Y., 16 F.R.D. 383. Examination of a party through former officers or managing agents would be unfair both because the party would have no power to secure the attendance of these persons for examination and because it cannot be supposed that these former employees would identify their interests with those of their former employer to such an extent that admissions by them should be held to bind the employer.

■ The crux of the present controversy is whether third party defendant may examine third party plaintiff through the person who was chief officer at the time of the accident and who presently is second officer. Courts would answer affirmatively the question whether a prospective deponent is the managing agent of a party for the purpose of pre-trial examination if the facts of the particular case indicated that (1) the prospective deponent was invested with general powers to exercise his judgment and discretion in dealing either with corporate matters or with the operations which led to the alleged injury; (2) the prospective deponent can be expected to comply with his employer's directive to appear for pre-trial examination; and (3) the prospective deponent can be expected to identify himself with the interests of his employer rather than with the interests of adverse parties. See, e. g., Fay v. United States, D.C.E.D.N.Y., 22 F.R.D. 28; Klop v. United Fruit Co., D.C.E.D.N.Y., 18 F.R.D. 310; Rubin v. General Tire & Rubber Co., D.C.S.D. N.Y., 18 F.R.D. 51. See also United States v. The Dorothy McAllister, D.C. S.D.N.Y., 24 F.R.D. 316.

■ In this case we have no allegation except that there is now in the employ of the party sought to be examined a second officer who was first officer on the ship at the time of the accident. The mere fact that the prospective witness was a first officer would not qualify him as a managing agent. Aston v. American Export Lines, Inc., D.C.S.D.N.Y., 11 F. R.D. 442. This motion must therefore be determined by deciding who has the burden of proving the capacity of the person through whom the party is sought to be examined. I conclude that this burden rests upon the party seeking the examination. Once his opponent raises the question of capacity by making a motion to vacate the notice or by resisting a motion such as this to dismiss his complaint, the party seeking the examination has the burden of showing that the

person alleged to be a managing agent has the three qualifications above outlined. Unlike the term "officer" the term "managing agent" is merely descriptive; one seeking the examination of a party will not often find that that party has bestowed the title "managing agent" on some employee. The party seeking the examination must, therefore, show that the person whom he wishes to question comes within the description. See Mattingly v. Boston Woven Hose & Rubber Co., D.C.S.D.N.Y., 12 F.R.D. 266. If United States v. The Dorothy McAllister, etc., D.C.S.D.N.Y., 24 F.R.D. 316, supra, holds to the contrary I cannot agree with it.

 Third party defendant has not sustained the burden of showing that the person through whom it seeks to examine third party plaintiff is a managing agent. Third party defendant's motion to dismiss the third party complaint is therefore denied.

So ordered.