**Eligio TORRES, Plaintiff,**

v.

**UNITED STATES LINES COMPANY, Defendant.**

United States District Court
S. D. New York.

June 26, 1961.

Henry Isaacson, New York City, for plaintiff; Alvin Quasha, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant; Henry J. O'Brien, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

The only remaining question on this motion is whether plaintiff will be permitted to take the deposition of defendant corporation as a party, pursuant to Rule 26(a), F.R.Civ.P., 28 U.S.C.A., through the chief engineer of the vessel on which plaintiff was injured, or must take the deposition of the chief engineer merely as a witness.

The cases in this district are not in accord as to whether one in the position of the chief engineer of a vessel is a managing agent of a corporate owner so that its deposition as a party may be taken from him. E. g., cf. United States v. The Tugs Dorothy McAllister, D.C. S.D.N.Y., 24 F.R.D. 316; Klop v. United Fruit Co., D.C.S.D.N.Y., 18 F.R.D. 310, with Aston v. American Export Lines, D.C.S.D.N.Y., 11 F.R.D. 442. As I view it, however, the question of who may be a managing agent of a corporation through which it may be examined as a party is dependent upon the facts and circumstances of the particular case.

Here, the accident which gave rise to the action took place in the engine room of the vessel. Plaintiff was a water

tender with the rating of fireman and a member of the engine room force. He was working in the course of his duties, changing burners in one of the boilers, when the accident occurred. The chief engineer of the vessel was in charge of the engine room and plaintiff was under his general direction and supervision.

The chief engineer has refused to discuss the case with plaintiff's counsel, thus indicating his identity with the interests of the defendant employer. There is no showing that he cannot be depended upon to carry out his principal's directions to give testimony at the demand of the plaintiff. It does not appear that any persons in higher authority, or in charge of this particular subject matter, possess any information concerning the subject matter of the examination. It does not appear that the master of the vessel has or could be expected to have any knowledge of the facts. The practical considerations to be taken into account indicate that the chief engineer should be viewed as a managing agent here. See Klop v. United Fruit Co., supra; Fay v. United States, D.C.E.D. N.Y., 22 F.R.D. 28.

If there should be any doubt as to whether he is, it should be resolved in favor of the examining party since the ultimate determination as to whether the corporate defendant is bound by the testimony of the person who was examined as its managing agent is to be made by the trial court. See Rubin v. General Tire & Rubber Co., D.C.S.D. N.Y., 18 F.R.D. 51; United States v. The Tugs Dorothy McAllister, supra; Curry v. States Marine Corporation of Delaware, D.C.S.D.N.Y., 16 F.R.D. 376; 4 Moore's Federal Practice, 1191.

Under the circumstances of this case the plaintiff will be permitted to take the deposition of defendant corporation as a party through the chief engineer.

The motion to vacate the notice of deposition is denied.