Francisco **SANTIAGO**, Plaintiff,

v.

**AMERICAN EXPORT LINES, INC.,**
Defendant.

United States District Court
S. D. New York.

May 28, 1962.

Henry Isaacson, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, Clifford J. Brenner, New York City, of counsel, for defendant.

METZNER, District Judge.

This is a motion by defendant pursuant to Rule 30 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to vacate a notice to examine the defendant by its chief engineer.

Plaintiff, a seaman, has instituted an action to recover damages for illness allegedly sustained on board defendant's vessel. He claims that the air conditioner in his room was broken and faulty, and that the thermostat was broken, all of which aggravated his condition because he was confined to his room instead of being transferred to the ship's hospital. He contends that he should be permitted to examine the defendant through the chief engineer because the latter was in complete charge of the functioning, operation and repair of the air conditioning system aboard the vessel.

The defendant has offered to produce the chief engineer who is still in its employ, but only to be deposed as a witness and not as a managing agent whose testimony can bind the defendant.

The question as to who should be considered a managing agent on a vessel has been the subject of numerous decisions in this district.

In Proseus v. Anchor Line, Ltd., 26 F.R.D. 165, 167 (S.D.N.Y.1960) Judge Dimock said:

"Courts would answer affirmatively the question whether a prospective deponent is the managing agent of a party for the purpose of pretrial examination if the facts of the particular case indicated that (1) the prospective deponent was invested with general powers to exercise his judgment and discretion in dealing either with corporate matters *or with the operations which led to the alleged injury;* (2) the prospective deponent can be expected to comply with his employer's directive to appear for pre-trial examination; and (3) the prospective deponent can be expected to identify himself with the interests of his employer rather than with the interests of adverse parties". (Emphasis supplied).

It has been said that while the master may make statements binding on the owner of a vessel, the mate may not. Naylor v. Isthmian S. S. Co., 187 F.2d 538 (2d Cir.1951); Aston v. American Export Lines, Inc., 11 F.R.D. 442 (S.D.N.Y.1951) and Duncan v. United States, 16 F.R.D. 568 (S.D.N.Y.1954). The Naylor case was concerned with the effect of testimony given on a trial. Both Aston and Duncan dealt with a notice to examine the party by a managing agent, and the court did not discuss the problem in the context of the prospective deponent's having discretion in dealing with the operations that led to the alleged injury. The court merely held, on the authority of the Naylor case, that anyone below the rank of captain or master is not a managing agent.

In the Proseus case, supra, the court indicated that to depose a party through an officer junior to the master, the person seeking the examination "has the burden of proving the capacity of the person through whom the party is sought to be examined." 26 F.R.D. at 167. There the court held against the party seeking the examination. In Klop v. United Fruit Co., 18 F.R.D. 310, 313 (S.D.N.Y.1955) the court found the second mate to be a managing agent on the ground that "at the time of the accident he was in charge of the vessel and had general supervisory authority over it."

In Torres v. United States Lines Co., —— F.R.D. ——, S.D.N.Y., June 26, 1961, the court permitted a deposition to be taken through the chief engineer on the ground that (1) the accident which gave rise to the action took place in the engine room; (2) the chief engineer was in charge of the engine room and plaintiff was under his general supervision; (3) the chief engineer has refused to discuss the case with plaintiff's counsel, indicating his identity with the interests of the employer, and (4) it does not appear that the master of the vessel has or could be expected to have any knowledge of the facts. The court relied on Klop v. United Fruit Co., supra; United States v. The Dorothy McAllister, 24 F.R.D. 316 (S.D.N.Y.1959) and Fay v. United States, 22 F.R.D. 28 (E.D. N.Y.1958). As indicated above, there was a specific finding in the Klop case that the second mate was in charge of the vessel and had general supervisory authority over it at the time of the accident. In the Fay case the court was referring to a captain or chief officer in charge of a United States naval vessel, stating that:

> "The deposition of a private corporation may be taken by the master of its vessel, who is in control of the vessel at the time of the injury for which suit is brought." 22 F.R.D. at 32.

In United States v. The Dorothy McAllister, supra, the court was dealing with a chief boatswain's mate alleged to have been master of a tug, and a commander of the United States Navy alleged to have been the command duty officer on a warship. The court indicated that the question whether these proposed deponents were managing agents is not free from doubt, but the court resolved the doubt in favor of the examining party because the ultimate determination as to whether the party could be bound by their testimony is to be made by the trial court.

Incidentally, the same observation was made by the court in the Torres case, supra, in permitting the examination. The cases cited for this proposition are Rubin v. General Tire & Rubber Co., 18 F.R.D. 51 (S.D.N.Y.1955); Curry v. States Marine Corp. of Del., 16 F.R.D 376 (S.D.N.Y.1954) and Klop v. United Fruit Co., supra.

In the Dorothy McAllister case, supra, the court added another consideration to those quoted above from the Proseus case, and that is whether "any person or persons in higher authority than the deponent sought to be examined are in charge of the particular matter or possessed of the information as to which the examination is sought." 24 F.R.D. at 318. I am of the opinion that in view of all of the cases this additional criterion is too broad. There are duties on a vessel that may be discharged by a group of seamen under the control and direction of one of their number. For example, the topping of booms preparatory to unloading the vessel. I do not think that it was ever contemplated that the term "managing agent" could be broad enough to encompass the seaman in charge of such a gang.

■■ From the facts alleged in this case, I see no reason why the examination here should go forward on the preliminary assumption that the chief engineer is a managing agent and leaving the ultimate determination of that fact to the trial court. In light of the analysis of the cases, there must be a showing that the deponent sought to be examined as a managing agent was in control of the vessel at the time the accident occurred. In a doubtful case the ultimate determination as to who was in control could be left to the trial court. However, control of only a portion of the activities is not sufficient to call for this procedure.

Motion granted. So ordered.