Edward GUSA, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 62–C–639.

United States District Court
E. D. New York.

Jan. 3, 1963.

Lawrence G. Nusbaum, Jr., Brooklyn, N. Y., for plaintiff.

Joseph P. Hoey, U. S. Atty., Eastern District of New York for defendant. Philip Silverman, Asst. U. S. Atty., of counsel.

ZAVATT, Chief Judge.

The defendant moves, pursuant to Fed. R.Civ.P. 37(b), to dismiss the complaint for the plaintiff's refusal to submit to the taking of his deposition by the defendant on October 23, 1962 pursuant to a notice served upon the plaintiff's attorney and filed with the Clerk of this Court on September 25, 1962.

This case is typical of the abuse by attorneys of Calendar Rule 1 of this Court, adopted February 26, 1957, effective March 1, 1957, relating to the filing of a note of issue and a statement of readiness. That rule requires the attorney for the party filing the note of issue to certify to several facts including the fact that interrogatory proceedings have been completed and that the parties have held or had an opportunity to hold "necessary

examinations before trial." Here, the complaint was filed July 11, 1962; the answer was served and filed July 30, 1962; the plaintiff served written interrogatories pursuant to Fed.R.Civ.P. 33 August 31, 1962; the interrogatories were not answered until October 12, 1962. Plaintiff made no motion to compel the defendant to answer the interrogatories. Fed.R.Civ.P. 37(a). Nevertheless, the plaintiff filed a note of issue and statement of readiness on September 26, 1962. On September 25, 1962 the defendant mailed to the plaintiff and filed its notice to take the plaintiff's deposition on October 23, 1962. The defendant failed to object to the filing of the note of issue within ten days of its filing as it could and should have done pursuant to our Calendar Rule 1(c). The plaintiff's attorney refused to produce the plaintiff pursuant to defendant's notice to take the plaintiff's deposition because the defendant had failed to answer one of the plaintiff's interrogatories which called for a copy of an estimate of the damages to plaintiff's vehicle made by a private estimator. There is no showing that the plaintiff could not have obtained this information from the estimator. There appears to be no valid excuse for the refusal of plaintiff's attorney to produce his client.

The plaintiff contends that this motion cannot be entertained by the Motion Part Judge because Rule 9(l) of the General Rules of this Court provides that no motion, except for judgment or other final relief will be entertained after a case has reached the permanent calendar, unless the moving party has first obtained an order from the Civil Part I Judge granting permission to make such a motion. It is clear that the defendant's motion seeks final relief and, therefore, does not come within Rule 9(l) of the General Rules of this Court.

This case is improperly on the trial calendar of this Court and should be removed therefrom. The defendant's motion to dismiss the complaint is grant-

ed unless the plaintiff submits to the taking of his deposition, pursuant to the notice heretofore served, on or before twenty days from the date hereof.

Settle an order within ten days from the date hereof removing this case from the trial calendar and dismissing the complaint unless the plaintiff submits to the taking of his deposition as hereinabove provided.