HUGHES BROS., INC., Plaintiff,

v.

CALLANAN ROAD IMPROVEMENT COMPANY, Defendant.

No. 65 AD 570.

United States District Court
S. D. New York.
Jan. 5, 1967.

Foley & Martin, by Christopher E. Heckman, New York City, for plaintiff.

Mahar & Mason, New York City, Martin J. McHugh, New York City, of counsel, for defendant.

MEMORANDUM

CROAKE, District Judge.

This is a discovery motion for an order requiring the production of witnesses

for oral examination. The plaintiff in this action is suing for claimed damages to its scow, the HUGHES No. 47, alleging a breach of obligation by the defendant under a charter agreement between the parties.

The plaintiff served notice that it would examine the defendant by way of oral examination of its vice-president and two other named employees of the corporation. The production of the latter two is the subject of this motion. The defendant produced its vice-president for examination but did not produce the others named in the notice and continues to refuse to do so. It has not, however, sought a protective order under Rule 30(b), Fed.R.Civ.P., but has instead proceeded by way of simple inaction, notwithstanding the provisions of Rule 37 (d), Fed.R.Civ.P.,[1] relating to the consequences that may attend the wilful failure of a party, or an officer or managing agent of a party, to appear for a deposition.

The plaintiff, however, does not seek by its motion to impose the sanctions provided under Rule 37(d), but instead seeks an order compelling personal production on the ground that the named deponents, employees of the defendant, were, variously, "in direct charge of the care of plaintiff's scow," "acting in a supervisory capacity," and were "supervisory employees" whose "employment was such as to require their production by defendant for examination by plaintiff." [2]

Urging upon the court the clarity of the rule that a party can be examined through its managing agents, the plaintiff concludes that the defendant's employees named in the notice of deposition were in a supervisory capacity such as contemplated by Rule 26(d) (2), Fed.R. Civ.P., and are "managing agents" for the purpose of oral examination.[3] Along the same lines the defendant contends that the issue here is indeed whether the employees are "officers, directors or managing agents of the defendant within the meaning of Rule 26," [4] and concedes that if they were, the defendant would be required to produce them. It strongly asserts, however, that they are not.

The reliance of both plaintiff and defendant upon the language of Rule 26 is misplaced. Rule 26 provides no test or guideline for the issuance by the court of an order compelling a party to produce a witness. Part (a) of Rule 26, the only part that deals with the practical prob-

---

1. Rule 37(d), Fed.R.Civ.P., provides: "Failure of Party to Attend or Serve Answers. If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

2. Plaintiff's affidavit in support of its motion, p. 2.

3. Rule 26, Fed.R.Civ.P., contains the following provision:
"(d) Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any one of the following provisions:
(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.
(2) The deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, or association which is a party may be used by an adverse party for any purpose.
(3) * * *.
(4) * * *."

4. Defendant's affidavit in opposition to the motion, p. 2.

lem of securing submission to examination by reluctant individuals, provides for compulsory attendance of witnesses not by way of order upon motion, but only by way of subpoena as provided in Rule 45. Part (d) of Rule 26 [5] deals only with the question of what use may be made of depositions that have already been taken. It does not deal with the practical problems connected with obtaining a deposition and speaks neither of court orders, subpoenas or notices. Such questions are treated in other Rules.[6]

The order which the plaintiff seeks is not expressly provided in any of the Rules. Nevertheless, a lean and grudging application of the express provisions of the Rules would hardly be consistent with the spirit in which they were adopted and which they expressly proclaim. "They shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 1, Fed.R. Civ.P. Going beyond this guide to construction, it would appear that the draftsmen of the Rules anticipated that there would be situations in which even a generous reading of the Rules would not provide a ready answer to an unforeseen question. Accordingly, Rule 83 provides that "In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules." [7]

Thus, the Federal Rules of Civil Procedure, as originally adopted, and as subsequently implemented, would seem flexible enough to allow for the kind of order the plaintiff requests if it appeared that no other adequate disposition had been provided by the Rules themselves. However, for purposes of the instant motion, it does not appear necessary to go very far beyond the bare text of the Federal Rules to determine what the proper disposition should be. As has been noted above,[8] Rule 37(d) provides a complement of penalties to ensure the appearance of a party upon notice of examination. Concededly, the penalties provided therein might be occasionally harsh in their application, and might unduly penalize a party for the neglect of its attorney. Accordingly, the instances are indeed numerous wherein the penalty has been applied only conditionally, or in modified

---

5. *Particularly relevant for the present motion is subpart (2) of part (d), containing the references to an "officer, director, or managing agent" of a corporation.*

6. Rule 30(a) deals with notice requirements.
Rule 45 deals with subpoenas.
Rule 30(b) provides for protective orders.
Rule 35 provides for orders for physical and mental examinations.
Rule 37 provides for orders upon refusals to answer, and for penalties upon failure to appear.
Rule 34 provides for orders to produce documents and other things for inspection.
This list does not purport to be exhaustive, but is set forth only to indicate some of the more prominent instances in the discovery area of the Rules where, among other things, express provision for the issuance of orders has been made.

7. The judges of the Southern and Eastern Districts of New York have adopted

rules regulating the practice of their courts. These are the Civil Rules, among which may be found Civil Rule 15, relevant to the matter before us, which provides that "Whenever a procedural question arises which is not covered by the provisions of any statute of the United States, or of the Rules of Civil Procedure, or of the Rules of the United States District Courts for the Eastern and Southern Districts of New York, it shall be determined, if possible, by the parallels or analogies furnished by such statutes and rules. If, however, no such parallels or analogies exist, then the procedure heretofore prevailing in courts of equity of the United States shall be applied, or in default thereof, in the discretion of the court, the procedure which shall then prevail in the Supreme Court or the Surrogates Court as the case may be of the State of New York may be applied."

8. Rule 37(d) is reproduced in full at Note 1 supra.

form, and typically by way of permitting the party in default to have an opportunity to appear within a fixed period of time before the penalty is finally imposed.[9] What has emerged is, therefore, a somewhat more tempered rule than that which a strictly literal reading of Rule 37(d) might at first suggest.

■ The remedy which the plaintiff requests by the motion now under consideration is not entirely irreconcilable with what has been provided under Rule 37(d) in practice. The plaintiff seeks an order compelling production of "managing agents" for examination, while the Rule, as applied, threatens the imposition of designated sanctions in the event of failure to appear within a specified period of time. Both procedures, namely, that embodied in the plaintiff's request, and that provided by Rule, invoke the court's assistance to require a reluctant party to appear. In view of this similarity in result, the court is inclined to deny the plaintiff's motion as framed, but will consider it as a request for the relief available under the Rules which govern this court's practice, specifically, Rule 37(d). The difference is small from the point of view of the plaintiff whose primary interest is, presumably, securing a judgment. But the difference is large from the point of view of the defendant. Under Rule 37(d), he is given the opportunity of wilfully suffering at most a default judgment. On the other hand, a wilful failure to comply with a court order would raise the specter of contempt. Under the circumstances here present, it would seem illadvised to treat the absence from the Rules of the kind of remedy which the plaintiff seeks, as a mere inadvertence to be overcome by judicial assertion. As framed, the motion is denied.

■ The next matter for consideration is whether in its modified form, the motion should be granted. While the parties have focused their disagreement on the issue of whether the employees of the defendant are managing agents, the court is of the opinion that this issue is not the only one which can determine the applicability of Rule 37(d). The failure to appear must, in addition, be wilful.

As to the former issue, the determination that an individual is or is not a managing agent for purposes of Rule 37(d) must not be considered a conclusive determination for all purposes, and particularly not for purposes of Rule 26. A showing made upon affidavits, sufficient to persuade a judge of the advisability of applying the provisions of Rule 37(d), might well be overcome by the testimonial evidence produced at the very examination that the sanctions of Rule 37(d) helped to effectuate.

Similarly, with respect to the latter issue, a determination of whether the failure to appear was or was not wilful, should have no more lasting effect than that embraced in the grant or denial of this motion at this time. It is not for this court to conclude finally upon factual questions at this early stage of discovery.

■ Accordingly, it would be premature at this time to attempt to decide questions of the permissible use, under Rule 26(d)(2), of any depositions taken subsequent to this motion. Such questions do not arise until the deposition is offered in evidence at trial. It is the trial judge who makes the ultimate determination as to whether someone is a managing agent or not for the purpose of deciding whether a party may be bound

---

9. See, e. g., Ronson Corp. v. Kawai, 8 Fed. Rules Serv.2d 37 d. 33, Case 2 (S.D.N.Y. 1964). Stephens v. Sioux City & New Orleans Barge Lines, Inc., 30 F.R.D. 397 (W.D.Mo.1962). Gusa v. United States, 31 F.R.D. 518 (E.D.N.Y.1963). For other cases, see 4 Moore, Federal Practice ¶ 37.04 at 2808 n. 4 (2d ed. 1963 and 1965 Supp.).

by the person's testimony.[10] Indeed, it has been said that any determination of whether a party is a "managing agent" within Rule 26(d) (2), made in deciding a motion relating to the production of a witness for deposition, is "legally useless" and has "no bearing on what the trial judge, possessed of the evidence and the responsibility for decision, must decide." [11]

As noted above, similar considerations would seem applicable to a determination made now as to whether a failure to appear was wilful or not.

The foregoing discussion was intended to emphasize the separability and independence of determinations of similar, if not identical, questions of status under Rules 26(d) (2) and 37(d), viz., whether a person is a managing agent or not. The discussion itself has been made necessary by the erroneous acceptance by the parties to this motion of the contrary proposition, namely, that a determination made now must be binding at trial. It should now be clear that such is not the case,[12] regardless of which way the determination is now made. Whether this court now finds that the defendant's employees herein are or are not managing agents, or did or did not fail to appear wilfully, must surely yield to any better or additional evidence that will be available to the trial judge at a later date.

With the foregoing considerations in mind, a determination of the instant motion, considered in its modified form, may be made.

■ The parties disagree as to whether the two employees in question were "managing agents." Little has been adduced to persuade the court that they in fact are managing agents. The plaintiff points out that their duties included examining the scow from time to time to determine her condition and her safety, and that one of them was charged with the duty of supplying line and other equipment the scow might require during the period of the charter. It then contends that these duties are supervisory in character. The court is of the opinion that these duties are equally susceptible to characterization as those of non-supervisory employees. As to the issue of status, therefore, the plaintiff does not succeed.

Moreover, on the issue of wilfulness, it would seem that an honest belief on the part of the defendant that its employees do not fall within the prescribed status categories could, in certain circumstances, remove the imputation of wilfulness in failing to attend the deposition, that

10. Santiago v. American Export Lines, Inc., 30 F.R.D. 372, 374 (S.D.N.Y.1962); Torres v. United States Lines Co., 31 F.R.D. 209, 210 (S.D.N.Y. June 26, 1961); United States v. The Dorothy McAllister, 24 F.R.D. 316, 318 (S.D.N.Y.1959); Rubin v. General Tire & Rubber Co., 18 F.R.D. 51, 56 (S.D.N.Y.1955); Klop v. United Fruit Co., 18 F.R.D. 310, 313 (S.D.N.Y.1955); and Curry v. States Marine Corp. of Del., 16 F.R.D. 376, 377 (S.D.N.Y.1954).

11. Atlantic Coast Insulating Co. v. United States, 34 F.R.D. 450, 452 (E.D.N.Y. 1964).

12. This court need not accept the defendant's concession to the contrary, which suffers from yet an additional defect. There has been disregard not only of the difference in function between Rules 26(d) (2) and 37(d), but disregard also of the difference in scope. For while Rule 26(d) (2) applies to the deposition of an "officer, director, or managing agent," Rule 37(d) applies to the failure to appear of only an "officer or managing agent," and not that of a "director." It would appear, therefore, that Rule 37(d) cannot be used to secure the deposition of a director. Campbell v. General Motors Corp., 13 F.R.D. 331 (S.D.N.Y.1952); Park & Tilford Distillers Corp. v. Distillers Co., Ltd., 19 F.R.D. 169 (S.D. N.Y.1965). However, his appearance can be compelled by subpoena under Rule 45, and the deposition then taken may be used as permitted under Rule 26(d) (2). See 4 Moore, Federal Practice, ¶ 26.07 at 1080 (2d ed. 1963).

might otherwise attach.[13] This is not to say that a party can avoid its responsibility by self-serving declarations. There must be a reasonable basis for the belief, and it seems that such basis is present in the instant case.

It is rather well established that a defendant is not required to produce as a witness an employee who is neither an officer nor a managing agent.[14] And although it has been held that any doubts on the issue of status should be resolved in favor of the examining party,[15] this case does not appear to be one where the rule should be applied. The doubt here is too substantial. The employees in this case do not appear, at this time, to satisfy any of the practical tests and considerations that should be relied on for determining whether they are "managing agents" or not. Judge Dimock has outlined these considerations in his opinion in Proseus v. Anchor Line, Ltd., supra note 14:

"Courts would answer affirmatively the question whether a prospective deponent is the managing agent of a party for the purpose of pre-trial examination if the facts of the particular case indicated that (1) the prospective deponent was invested with general powers to exercise his judgment and discretion in dealing either with corporate matters or with the operations which led to the alleged injury; (2) the prospective deponent can be expected to comply with his employer's directive to appear for pre-trial examination; and (3) the prospective deponent can be expected to identify himself with the interests of his employer rather than with the interests of adverse parties. See, e. g., Fay v. United States, D.C.E.D.N.Y., 22 F.R.D. 28; Klop v. United Fruit Co., D.C. E.D.N.Y., 18 F.R.D. 310; Rubin v. General Tire & Rubber Co., D.C.S.D. N.Y., 18 F.R.D. 51. See also United States v. The Dorothy McAllister, D.C. S.D.N.Y., 24 F.R.D. 316."

In view of all the foregoing, and in the light of the ready availability of alternative means of securing the depositions of the employees herein, the plaintiff's motion, considered both as initially framed and as modified by the court, should be denied. The defendant has offered to furnish the plaintiff with the residence addresses of the men in question. The subpoena provisions of Rule 45 stand ready for implementation. Perhaps, considering the disposition herein, the defendant may even agree to produce the witnesses, knowing full well that to do so would in no way subject it to any greater threat of having the testimony regarded as an admission than if their appearance is compelled by way of subpoena. To deny this motion affords the defendant no greater protection with regard to this area of his concern, than to have granted it.

Indeed, in light of what the attorneys for the parties have considered to be the primary issue herein, namely, whether certain testimony may or may not be considered as an admission, this motion should not have been brought at all. That particular question cannot be resolved now but only later. And a care-

13. Cf. Sanib Corp. v. United Fruit Co., 19 F.R.D. 9 (S.D.N.Y.1955), where the defendant's "honest belief" in its right to priority in examination was held sufficient to avoid a charge of wilful failure to appear.

14. Proseus v. Anchor Line, Ltd., 26 F.R.D. 165, 167 (S.D.N.Y.1960); Williams v. Lehigh Valley R. Co., 19 F.R.D. 285 (S.D.N.Y.1956); but see Atlantic Coast Insulating Co. v. United States, supra note 11, where the United States was held to be under a duty to produce an employee alleged to be a managing agent, with the right of denial preserved to the United States for final determination by the trial judge.

15. United States v. The Dorothy McAllister, supra note 10.

ful reading of the rules, together with a brief review of the pertinent cases, should have so revealed.

Motion denied.

So ordered.