**MEMORANDUM**

**TRANSCONTINENTAL MOTORS, INC.,**
**Plaintiff,**

v.

**NSU MOTORENWERKE AKTIEN-**
**GESELLSCHAFT, Defendant.**

**No. 68 Civ. 6.**

United States District Court
S. D. New York.

April 26, 1968.

———◆———

Small & Rock, New York City, for plaintiff; Leon Rock, New York City, of counsel.

Graubard & Moskovitz, New York City, for defendant; Ernest C. Steefel, New York City, of counsel.

COOPER, District Judge.

Defendant moves pursuant to Rule 30(b), F.R.Civ.P., to vacate plaintiff's notice of deposition (served February 1, 1968) to examine defendant by Dr. Gunter Henn on February 20, 1968. Motion granted.

At the time of oral argument, February 15, 1968, this Court stayed the taking of Dr. Henn's deposition pending the determination of this motion. It was expressly understood by both parties that Henn might return to Germany in the interim. Despite this, however, plaintiff requested and received a seven day extension for the filing of answering papers. Henn returned to Germany on February 23, 1968 (letter from defendant's attorneys dated February 27, 1968).

■ Defendant predicates its motion on the rules of priority, Henn's lack of personal knowledge of relevant facts, and the contention that Henn is neither an officer nor managing agent of defendant. While the order of priority (see motion calendar #52, February 15, 1968; Memorandum filed April 26, 1968) may justify staying the taking of the deposition, it does not furnish sufficient "good cause" to vacate notice. As for defendant's second ground, the mere "allegation that the deponent knows nothing about the matters involved does not justify prohibiting the taking of the deposition." 4 J.Moore, Federal Practice ¶ 30.06 at 2046–47 (2d ed. 1967).

■ Henn is the director of defendant's legal department, i. e. its general counsel. A corporation may be examined only through its officers or managing agents. Rules 26(a) and 37(d), F.R.Civ.P.; County National Bank v. United States Fidelity & Guaranty Co., 41 F.R.D. 293 (S.D.N.Y.1966); Klop v. United Fruit Co., 18 F.R.D. 310 (S.D.N.Y.1955). Since we are satisfied that Henn is not an officer of defendant cor-

poration, the only question is whether he is a managing agent.

The criteria for determining whether an employee of a corporation is a managing agent were well defined in Rubin v. General Tire & Rubber Co., 18 F.R.D. 51, 56 (S.D.N.Y.1955):

> First, the employee should be 'a person invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters.' [citation omitted] Second, the employee should be a person who 'could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer.' [citation omitted] Third, the employee should be a person who can be expected to identify himself with the interests of the corporation rather than with those of the other parties.

The papers before us are devoid of detail relating to Henn's functions, duties, or relationship to defendant. The only allegation made is that he is director of defendant's legal department. However, "the test * * * is not the title of office, or even the lack of title, but the functions he performs in furthering its activities and interests." Petition of Manor Investment Co., 43 F.R.D. 299, 300 (S.D.N.Y.1967). Resolution of this motion therefore depends upon the determination of who has the burden of proving the capacity of Henn in this respect. While cognizant that courts within this District have differed on the determination of this issue, we are inclined to follow the pronouncement of Judge Dimock that the "burden rests upon the party seeking the examination." Proseus v. Anchor Line, Ltd., 26 F.R.D. 165, 167 (S.D.N.Y.1960); see Mattingly v. Boston Woven Hose & Rubber Co., 12 F.R.D. 266 (S.D.N.Y.1952); County National Bank v. United States Fidelity & Guaranty Co., supra; But see Torres v. United States Lines Co., 31 F.R.D. 209 (S.D.N.Y.1961); United States

v. The Dorothy McAllister, 24 F.R.D. 316 (S.D.N.Y.1959); Cf. Hughes Bros., Inc. v. Callanan Road Improvement Co., 41 F.R.D. 450 (S.D.N.Y.1967). Plaintiff has not sustained that burden.

Defendant's motion to vacate plaintiff's notice of deposition is granted.