## SPRAGUE ELECTRIC CO. v. CORNELL-DUBILIER ELECTRIC CORPORATION.

### Civil No. 364.

District Court, D. Delaware.
Sept. 5, 1944.

Arthur G. Connolly, of Wilmington, Del., for plaintiff.

Caleb R. Layton, 3d (of Hastings, Stockly & Layton), of Wilmington, Del., and Thomas Daly (of Lord, Day & Lord), of New York City, for defendant.

114

LEAHY, District Judge.

The parties are in a wrangle over the taking of depositions. Plaintiff moves under Rule 30(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to hold in abeyance the taking of defendant's depositions until plaintiff has completed the taking of its own depositions, and thereafter that defendant be directed to take the depositions of two of plaintiff's officers at North Adams, Mass., where plaintiff has its main offices and records.

These are the circumstances. On April 5, 1944, plaintiff notified defendant that it would take the depositions of four of defendant's officers in Wilmington, Delaware. On April 24, 1944, defendant sought to vacate this notice and asked for an order that the depositions be taken in South Plainfield, New Jersey, where it has its main offices. After a hearing, it was agreed by the parties that the depositions of these officers would be taken in New York City as that place met with the convenience of all parties. Plaintiff attempted thereafter to arrange with defendant for a date for the taking of these depositions. Finally, on May 27, 1944, plaintiff served notice that it would commence the taking of the depositions in New York City on June 13, 1944, and, for defendant's convenience, stated that defendant need have only one officer present at a time; after his deposition was terminated, sufficient time would be allowed for the next deponent to come to New York City. One of defendant's officers was examined. More time was required for his examination than originally was contemplated. Counsel then attempted to stipulate as to the dates when the other persons were to be examined. No success. Then, on July 6, 1944, defendant gave notice that *it* would take the depositions of plaintiff's president and a director beginning July 17, 1944, in Wilmington, Delaware.

It is quite obvious that counsel in the case at bar are unable to agree on the taking of the depositions by each party. My first attempt to get the parties together by fixing New York City as the place of the taking of the depositions has borne little fruit. As counsel have become unusually bitter in this early stage of the proceeding, their sphere of agreement no longer exists. Hence, I have concluded to take from them all future right of agreement on such preliminary matters; and I am prepared to hold that plaintiff should be permitted to complete the depositions of defendant's officers and when it has finished with them, defendant may then examine such of plaintiff's officers and directors as it desires. Where parties cannot agree on the locus of the examination, then I am of the view that the taking of the depositions of a corporate party by its officers and agents should be taken at the main place of business of the corporation, or where it has its books and records. Cohen v. Pennsylvania R. Co., D.C., 30 F. Supp. 419; Fairwater Transportation Co. v. Chris-Craft Corporation, D.C., 1 F.R.D. 509. See Moore's Federal Practice, p. 2576. Especially is this so where, as here, the plaintiff and defendant are both engaged in war contracts. An order may be entered which, after providing that plaintiff proceed to the completion of the taking of its depositions, directs that officers of defendant are to be examined at South Plainfield, New Jersey, and that officers of plaintiff are to be examined at North Adams, Mass.