**SOCIETE INTERNATIONALE POUR PARTICIPATIONS INDUSTRIELLES ET COMMERCIALES S. A. v. CLARK et al.**

No. 4360–48.

United States District Court
District of Columbia,
Civil Division.

Dec. 24, 1948.

John J. Wilson, of Washington, D. C., for plaintiff.

David Schwartz, of Washington, D. C., for defendants.

LAWS, Chief Judge.

In this suit, which arises under the Trading with the Enemy Act of 1917, as amended, 50 U.S.C.A.Appendix §§ 1–38, defendants served counsel for plaintiff with notice that they desired to examine before a notary public in the District of Columbia, plaintiff corporation through Hans Sturzenegger, Felix Iselin and August Germann, described as officers or managing

---

**566**

agents of the plaintiff corporation. Plaintiff has moved that depositions shall not be taken, or in the alternative, that they be required to be taken in Switzerland. At the oral hearing, the Court announced that plaintiff's motions would be overruled as to Felix Iselin, but as to Hans Sturzenegger and August Germann decision was reserved. The question as to the latter individuals is whether they are officers or managing agents of plaintiff, within the meaning of rule 37(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides as follows: "If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, * * * the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

Plaintiff argues that since these individuals are directors, and not officers or managing agents, they are not required to appear in response to the notice served. It may be true that ordinarily a director of a corporation organized under the laws of the United States or of a State of the United States is not included in the language of the Rule. From the record in this case, however, it appears that plaintiff's Articles of Incorporation provide that the directors will constitute the administrative body of the corporation and that they will be charged with conducting its business. They also charge the directors with other responsibilities not usually imposed upon directors of American corporations. The duties of the directors in plaintiff corporation appear to be comparable to those of officers and managing agents of American corporations and in my opinion such directors should be regarded as being included within the provisions of Rule 37(d).

It is agreed that plaintiff's alternative motion is to be determined in the sound discretion of the Court. Upon the record before me, it seems advisable that depositions taken by defendant should be permitted to be taken in the District of Columbia where the suit is to be tried, but at the expense of the United States within usual Government limitations.

The Court has been informed counsel will agree upon the dates for taking the depositions and that no action is required on that part of plaintiff's motion which calls upon the Court to determine the dates of the hearings.