## FOX et al. v. WARNER BROS. PICTURES, Inc.

### Civ. No. 1293.

United States District Court, D. Delaware.

Oct. 10, 1951.

See also 95 F.Supp. 360.

James R. Morford and William Marvel, of Morford, Bennethum, Marvel & Cooch, of Wilmington, Del. for plaintiffs.

S. Samuel Arsht of Morris, Steel, Nichols & Arsht, of Wilmington, Del. and L. J. Goffman, of Wolf, Block, Schorr & Solis-Cohen, of Philadelphia, Pa. for defendant.

RODNEY, District Judge.

This is a motion by the defendant to vacate the notice of the taking of a deposition by the plaintiffs of one Sol Abramoff. It appears that the defendant on July 6, 1951, gave notice for the taking of depositions of the several plaintiffs and another person. These depositions were partly taken on July 25, 1951, but the taking of the depositions was suspended pending the furnishing by the plaintiffs to the defendant of certain documents which it was assumed would shorten and simplify the depositions. These documents have not been furnished by the plaintiffs and the depositions begun by the defendant remain unfinished. On August 7, 1951, the plaintiffs gave notice for the taking of the testimony of Abramoff. The time of the taking of this deposition has been extended from time to time, the defendant insisting that it should follow the completion of its depositions already partly taken. The plaintiffs having given notice for the deposition of Abramoff on October 9, 1951 (since continued to October 16), the motion of the defendant to vacate this notice has followed.

The defendant does not dispute the right of the plaintiffs to take the deposition of Abramoff but contends that the depositions of the plaintiffs having been partly taken pursuant to a prior notice of July 6, 1951, the deposition of Abramoff must await the completion of the suspended depositions. The plaintiffs contend that since Abramoff is not a party or an officer of the defendant, his testimony may be taken without awaiting the completion of the deposition already noticed by the defendant. For this the plaintiff cites the case of Harry Von Tilzer Music Publishing Co. v. Leo Feist, Inc., D.C., 2 F.R.D. 96.

There seems to be established a general rule that the party who first serves his notice for depositions is entitled to priority and to have those depositions, so noticed, completed before the adversary may bring on depositions subsequently noticed.[1]

The rule is not inflexible and if reasons appear sufficient to move the discretion of the court the order of depositions would be changed. Among these reasons might be the age or physical condition of a person whose deposition is to be desired or the ability to secure such deposition at a later time after pending adversary depositions have been completed.

In the present case no reason whatever for the departure from the established rule has been given save that the witness whose

1. See cases collected in 4 Moore's Fed.Pr. p. 1058; 2 Barron & Holtzoff Fed.Pr. & Pro. p. 283; see also Sprague Elec. Co. v. Cornell-Dubilier Elec. Corp., D.C.Del., 4 F.R.D. 113.

deposition is sought to be taken contrary to the rule is a mere witness and not a party. This distinction seems to me without foundation and has not been recognized in jurisdictions in which the rule itself was established. The Von Tilzer case was determined in the Southern District of New York in 1941. In the same District in 1943 and in another case [2] it was held that there was no reason for departing from the rule where the defendants had given prior notice to take depositions of the plaintiff and subsequently plaintiff served notice to take depositions of an agent of one of the third party defendants.

If the defendant herein unduly prolongs the taking of its depositions already noticed and the delay is not attributable to the plaintiffs, relief may be had by proceedings in Fed.Rules Civ.Proc. Rule 30(d), 28 U.S.C.

An order may be presented vacating the notice of the plaintiffs for the taking of the deposition of Abramoff or of postponing the taking of such deposition until the completion of the depositions of the plaintiffs noticed by the defendant and in accordance with this opinion.

2. Fruit Growers Cooperative v. California Pie & Packing Co., D.C., 48 F.Supp. 1021.