## CAMPBELL v. GENERAL MOTORS CORP.

United States District Court
S. D. New York.

Nov. 25, 1952.

Emil K. Ellis, New York City (Abraham J. Heller, Brooklyn, of counsel), for plaintiff.

George A. Brooks, New York City (Edward B. Wallace, New York City, of counsel), for defendant.

IRVING R. KAUFMAN, District Judge.

The defendant moves to vacate the plaintiff's notice to examine a director of the defendant corporation on the ground that a corporate defendant may not be examined by notice under the Federal Rules of Civil Procedure, 28 U.S.C.A., through a director. A second ground urged is that the date set for the examination is premature in that it should follow, rather than precede, the date noticed for the examination of the plaintiff because the defendant's notice was served first. In view of

my determination of the first ground, I need not consider the latter.

Although it has often been repeated that a corporation may be examined through an officer, director, or managing agent thereof[1], no court seems to have passed directly on the question raised here. The defendant urges that since Rule 37(d) which sets forth the sanctions which may be imposed upon a party who fails to attend, refers merely to "a party or an officer or managing agent of a party", the conclusion to be drawn is that it was not intended that a corporation may be examined by a director under Rule 26(a). In support of its position, defendant asserts that the omission of the word "director" from the phrase quoted was deliberate since the word appears in Rule 43(b) relating to the scope of examination and cross-examination at the trial, and Rule 26(d)(2) relating to the use of depositions by the adverse party. Rule 26(d)(2) provides that

> "The deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent of a * * * corporation * * * which is a party may be used by an adverse party for any purpose."

In any event, therefore, the plaintiff may examine the director as a witness, compelling his appearance by subpoena [as provided by Rule 26(a)], and use the deposition so obtained against the defendant [under Rule 26(d)(2)].

While Rule 1 enjoins us that the Federal Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action", the omission of the word "director" in Rule 37(d) leaves me no alternative but to grant the motion. I am led to the inescapable conclusion that to hold otherwise would not be "liberally interpreting" the rules (a policy with

which I am in full accord), but would be a complete circumvention and amendment of the rules. The omission in Rule 37(d) was likely based on the principle that it would be unjust to impose the sanctions there provided on a corporation whose directors failed to appear pursuant to notice of examination since a corporation has no means of compelling their attendance as in the case of an officer or managing agent. No power, therefore, exists to enforce compliance with a notice to take depositions of a corporate party by a director under Rule 26(a), if such a notice would be valid under that rule. Freeman v. Hotel Waldorf-Astoria Corporation, D.C.S.D.N.Y.1939, 27 F.Supp. 303; Spaeth v. Warner Bros. Pictures, Inc., D.C.S.D.N.Y.1941, 1 F.R. D. 729; Societe Internationale Pour Participations Industrielles et Commerciales v. Clark, D.C.D.C.1948, 8 F.R.D. 565. Judge Laws, recognizing this principle in the Internationale case, supra, pointed out that there may be instances (as is the case with some foreign corporations) where a director is part of the administrative body of the corporation and charged with conducting its business in a fashion not ordinarily found in American corporations. In the case before Judge Laws, involving a foreign corporation, the duties and activities of the directors were comparable to those of officers and managing agents in the ordinary case and accordingly he regarded them as being within the purview of Rule 37(d). Nothing has been presented on this application to indicate that the director sought to be examined has not been the traditional director of an American corporation, a director without the administrative responsibilities and active part in the actual conduct of the business on a day to day basis.

To hold that Rule 26(a) creates a right for which Rule 37(d) creates no remedy imputes to the draftsmen of these Rules

1. Caldwell-Clementis, Inc., v. McGraw-Hill Pub. Co., Inc., D.C.S.D.N.Y.1951, 11 F.R.D. 156; V. O. Machinoimport v. Clark Equipment Co., D.C.S.D.N.Y. 1951, 11 F.R.D. 55; Aston v. American Export Lines, Inc., D.C.S.D.N.Y.1951, 11 F.R.D. 442; Porrazzo v. Royal Mail Lines, Ltd. 8 Fed.Rules Serv. 26a.33, Case 1 (D.C.S. D.N.Y.1944); Moore's Fed.Prac. Vol. 4, p. 1035.

carelessness or error, a result which must be avoided if other alternatives suggest themselves. Cf. Mulligan v. United States, D.C.S.D.N.Y.1949, 87 F.Supp. 79.

I therefore hold that, on the facts before me, the corporate party may not be examined through a director and the motion to vacate is accordingly granted.