**Jack LAWSON, Plaintiff,**

v.

**MATHIASENS' TANKER INDUSTRIES, Inc., Defendant.**

**Civ. A. No. 18837.**

United States District Court
E. D. Pennsylvania.

Oct. 7, 1957.

———◆———

Paul M. Goldstein, Philadelphia, Pa., for plaintiff.

James F. Young, Philadelphia, Pa., for defendant.

WELSH, District Judge.

This is an action by a seaman against his employer to recover damages on account of personal injuries allegedly caused by the negligence of defendant's employees and the unseaworthiness of its vessel.

On March 4, 1955, the defendant filed interrogatories to be answered by the plaintiff, and answers thereto were filed by plaintiff on October 4, 1956. On August 16, 1957, plaintiff's counsel was served with defendant's notice to take plaintiff's depositions on Monday, August 26, 1957, in Philadelphia, Pennsylvania, and plaintiff, on August 21, 1957, countered with the instant motion for a protective order under Rule 30(b) of the Federal Rules of Civil Procedure (28

U.S.C.) by which it is sought that the Court enter an order directing defendant to pay all of plaintiff's expenses in connection with his coming to Philadelphia, attending the depositions and returning to Huntington Park, California, or, in the alternative, directing that said notice served August 16, 1957 be suppressed and that further discovery be conducted by way of interrogatories.

The contention of defendant is that it is entitled to take the depositions of plaintiff without the payment of his expenses as a condition precedent thereto for the reasons (a) that the adoption by defendant of one means of discovery (interrogatories) does not necessarily foreclose its right to avail itself of another means (oral depositions) and (b) that plaintiff should not now be heard to complain of the expenses involved in his attendance at oral depositions in Philadelphia, Pennsylvania, since that location is plaintiff's choice and location of the forum.

The reasons urged by defendant are sound ones, but when the depositions are challenged, as here, by way of a motion under Rule 30(b) their applicability must be determined in the light of the circumstances presented by the plaintiff. If the circumstances are special then plaintiff is entitled to the relief sought under Rule 30(b), if not then plaintiff's attendance at the depositions is mandatory and without the imposition of any condition on the defendant.

The facts and circumstances of this case are as stated by counsel for plaintiff in his original brief. This case was on the preliminary call for trial in July, 1957, and plaintiff came on to Philadelphia from Johnson City, Tennessee, preparatory to trial. Plaintiff remained in Philadelphia for several weeks, staying at the Milner Hotel, Broad and Girard Streets. During his stay in Philadelphia, counsel for the parties discussed the case. Plaintiff's presence in Phila-

delphia was made known to Mr. McCown, who was then handling the matter for defendant. Because of the absence of sea-going witnesses, defendant's counsel applied for a continuance of the trial; said application was not resisted and the case was continued. Plaintiff remained in Philadelphia until the latter part of June, 1957, when he returned to Huntington Park, California, his permanent residence. During all this time, including the period when plaintiff was in Philadelphia, defendant never requested that plaintiff submit to oral examination. On the contrary, Mr. McCown indicated his satisfaction with the discovery obtained by way of interrogatories.[1]

It is noted that defendant's interest in taking plaintiff's depositions arose after original counsel for defendant was replaced by new counsel. The new counsel, Mr. Young, in his brief states that although plaintiff's answers to defendant's interrogatories are helpful they are not adequate for the purpose of preparing a defense to the claim. We think this change in counsel should not operate to penalize plaintiff by forcing him now, at his own expense, (which he can ill afford as demonstrated by counsel for plaintiff's supplemental brief) to come on from California to Philadelphia, Pennsylvania, to attend the depositions, when, as has been observed, he had been available for depositions just three and one-half months ago, at which time then counsel for defendant failed to avail himself of the opportunity. The situation is somewhat aggravated from plaintiff's standpoint, in our judgment, by the fact that but for the securing by then counsel for the defendant of a continuance the case might well have been tried already.

We hold, therefore, that the facts cited by plaintiff are special and justify the issuance of an order directing that plaintiff need not appear for oral depositions unless and until defendant pays his expenses. If defendant, however, is un-

1. After receiving plaintiff's answers to interrogatories, said Mr. McCown made no objections thereto and filed no further interrogatories.

willing to pay plaintiff's expenses in connection with the taking of plaintiff's oral depositions, it has the alternative, if it wishes, to proceed with discovery by way of further or additional interrogatories.