**E. I. DU PONT DE NEMOURS & COMPANY, Plaintiff,**

v.

**PHILLIPS PETROLEUM COMPANY and Phillips Chemical Company, Defendants.**

Civ. A. 2006.

United States District Court
D. Delaware.

Feb. 20, 1959.

Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for plaintiff, Maxwell Barus and W. P. Churchill (of Fish, Richardson & Neave), New York City, of counsel.

Connolly, Cooch & Bove, Wilmington, Del., for defendants, J. A. Young and L. Malcolm Oberlin, Bartlesville, Okl., Thorley von Holst and Sidney Neuman (of Olson, Mecklenburger, von Holst, Pendleton & Neuman), Chicago, Ill., of counsel.

LAYTON, District Judge.

A number of questions arise as the result of motions by both parties relating to discovery. Both plaintiff and defendants have filed interrogatories to which the other objects and, in addition, the defendants object to the plaintiff's desire to have them answer any interrogatories while they (defendants) are still examining a number of plaintiff's witnesses on deposition. I shall determine this point first.

This is a substantial patent suit which promises to be long drawn out. It was filed June 20, 1958, and within twenty days thereafter the defendants served notice of their intention to examine certain of plaintiff's officers upon deposition. There have been unavoidable delays and, moreover, the defendants have added eleven additional witnesses to their list of plaintiff's officers and employees to be examined. These depositions are now being taken and defendants object strenuously to their being interrupted for the purpose of answering plaintiff's interrogatories. They point to a rule which requires that the party who first serves his notice for depositions is entitled to complete them before his opponent may begin discovery. There seems to be such a rule in this district. Fox v. Warner Bros. Pictures, Inc., D.C., 12 F.R.D. 202. The rule is subject to a number of exceptions, among them a showing by the other side of moving reasons why the order of depositions should be disturbed. But the plaintiff here has no valid reason for interrupting the order of the depositions except its fear that the defendants, by adding to the number of witnesses to be examined, etc., may prolong their discovery for an unconscionable length of time.

This should not be permitted, of course. The defendants estimated they

might finish with all the witnesses presently under notice to testify by the first of April. I shall give them an additional month until May first. If by that date they have not finished, then they will be required to give way and answer such of plaintiff's interrogatories as I may require. However, if defendants' delay in not finishing by May first is occasioned by the plaintiff's fault, then defendants' time will be extended accordingly.

There remain certain objections by both sides to specific interrogatories of the other.

■ Defendants object to plaintiff's interrogatories numbered 8, 9 and 10. However, the defendants intimated that, depending upon the outcome of the depositions now in progress, they might not press these objections. While this is by no means certain, I prefer to defer a ruling on this question until the defendants complete their depositions. If at that time, they still insist on an answer, I will immediately make a ruling.

Likewise, the plaintiff objects to defendants' interrogatories numbered 9, 10, 12, 13 and 14 on the grounds that they call for an examination of an attorney's work product. In order fully to understand this argument, certain facts must be known.

■ Shortly before the patent in suit was granted, and in anticipation of litigation, the plaintiff retained counsel. Upon advice of counsel, plaintiff notified defendants that the patent in question would shortly issue covering defendants' product known as "Marlex" and that plaintiff would be willing to license defendants under the patent. When the patent was granted, there were comments in the press predicting litigation. Shortly thereafter, upon advice of counsel, plaintiff obtained samples of "Marlex" and a group of plaintiff's technical staff began studying, analysing and testing these samples. These technical experts worked closely with counsel and presumably under direction of counsel. Moreover, there were frequent conferences between counsel and the experts. Reports of their work were sent to counsel marked "For Information of Counsel". The tests continued after the filing of suit. It is the reports, test data, calculations, charts and spectra covering these tests and the names of the technical staff who made them which defendants seek by the interrogatories here objected to.

Whether or not the material, the production of which is above demanded, falls within or without the category of privileged communication or the work product of an attorney is beside the point here for, regardless of their classification, they cannot be obtained without a showing of good cause. Hickman v. Taylor, 329 U.S. 495, 508–509, 67 S.Ct. 385, 91 L.Ed. 451. No good cause is revealed by defendants' moving papers and it may be difficult for the defendants to make a showing of good cause for the reason that what is being sought is the results of tests upon their own product which presumably they can make just as easily as the plaintiff.

■ Moreover, production of papers and documents such as are demanded here cannot be obtained under Fed.Rules Civ.Proc., rule 33, 28 U.S.C.A. Rather, it must be accomplished under Rule 34 which, again, requires as a condition precedent that good cause be shown. Alltmont v. United States, 3 Cir., 177 F.2d 971. And while, in my judgment, the defendants would normally be entitled to know the names of the persons who conducted the tests, Moore's Federal Practice, Vol. 4, Sec. 26.19, nevertheless, they cannot, by examining them upon deposition, obtain knowledge otherwise unavailable under other methods of discovery.

Plaintiff's objections to the interrogatories are valid and an Order will be entered in accordance herewith.