Gladys I. MITCHELL, Administratrix of the Estate of William K. Mitchell, Sr., deceased, Plaintiff,

v.

AMERICAN TOBACCO COMPANY and P. Lorillard Company, Defendants.

Civ. A. No. 6539.

United States District Court
M. D. Pennsylvania.

July 19, 1963.

See, also, 183 F.Supp. 406 and 28 F.R.D. 315.

Paul J. Smith, Richard L. Kearns, Harrisburg, Pa., Elmer E. Harter, Harrisburg, Pa., for plaintiff.

Nauman, Smith, Shissler & Hall, Harrisburg, Pa., Ralph D. Ray, of Chadbourne, Parke, Whiteside & Wolff, New York City, Janet C. Brown, of Chadbourne, Parke, Whiteside & Wolff, New York City, for defendant American Tobacco Co.

Hull, Leiby & Metzger, Harrisburg, Pa., Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, Mo., for defendant P. Lorillard Co.

FOLLMER, District Judge.

This matter is before the Court on motion of defendants, American Tobacco Company and P. Lorillard Company, to vacate notices dated March 29, 1963, given by the plaintiff, of the taking of the depositions of Paul M. Hahn, President of American Tobacco Company, and M. J. Cramer, President of P. Lorillard Company, upon the ground that said notices are fatally defective for the reason that they require the deponents to appear in Harrisburg, Pennsylvania, and for the further reason that Paul M. Hahn is no longer an officer of the American Tobacco Company.

The complaint sets forth the main offices of both American and Lorillard to be in New York City, New York.

An affidavit of A. LeRoy Janson, Executive Vice President of American, was filed setting forth that Paul M. Hahn, formerly President of American Tobacco Company, retired under the Company's Retirement Plan, effective March 31, 1963.

Since Rule 26(d) (2) of the Federal Rules of Civil Procedure refers to the "deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation," obviously plaintiff may not take the deposition of Paul M. Hahn as a representative of American Tobacco Company. Cohen v. Pennsylvania R. Co. et al., D.C. S.D.N.Y., 30 F.Supp. 419 (1939). If the testimony of Paul M. Hahn as an individual is still desired, it should be by deposition at his place of residence. As he is no longer an officer of the Company, interrogatories may not be served on him; he no longer qualifies as an adverse party. 4 Moore's F.P.2d Ed., ¶ 33.06, Page 2275.

As to requiring a corporate official located at the main office of defendant company in New York City, New York, to respond in Harrisburg, Pennsylvania, for deposition purpose, 4 Moore's F.P.2d Ed., ¶ 30.07, Page 2028, states as follows: "The courts have generally held that depositions of officials of a corporate party should be taken at the corporation's principal place of business." See also, Sprague Electric Co. v. Cornell-Dubilier Electric Corporation, D.C.Del., 4 F.R.D. 113, 114 (1944); Cohen v. Pennsylvania R. Co. et al., supra; Kurt M. Jachmann Co., Inc. v. Hartley, Cooper & Co., Ltd., et al., D.C.S.D.N.Y., 16 F.R.D. 565 (1954).

As to M. J. Cramer, I feel under the circumstances plaintiff's purpose would be adequately served at this time by means of written interrogatories. If on the return of the interrogatories and answers they are shown to be insufficient, an application may then be made for taking his testimony by oral depositions. Kurt M. Jachmann Co., Inc. v. Hartley, Cooper & Co., Ltd., et al., supra.

Motion of defendants to vacate plaintiff's notices dated March 29, 1963, to take the depositions of Paul M. Hahn, President of the American Tobacco Company, and M. J. Cramer, President of P. Lorillard Company, will be granted.