## Davis v. Pennzoil Co.

*Robert S. Grigsby*, for plaintiff.

*Reed, Smith, Shaw & McClay*, for defendant.

ALDISERT, J., May 3, 1965.—Where a resident of Toronto, Canada, has filed an action as plaintiff in this court, and defendant requests a deposition of plaintiff in Pittsburgh, is plaintiff entitled to be compensated for traveling expenses?

Prior to the amendment of Pennsylvania Rule of Civil Procedure 4019 on March 14, 1962, effective April 2, 1962, it was necessary that a party be served via subpoena if an adversary wished to take his deposition.

The rule is now changed. A party may be subject to sanctions even without a prior service of a subpoena, so long as notice under rule 4007 has been served upon his counsel.

The amendment of 1962 was a fundamental development in the law of Pennsylvania. This has not changed the requirement relating to appearance at trial. A party to a civil action is under no obligation personally to appear at a trial, and if the adverse party desires to call him as a witness, he must be subpoenaed: Beishline v. Tatterfield, 22 D. & C. 701; Brice v. Shultz, 6 Phila. 264.

Defendant now suggests that there has been an even more profound development of the law in the State court system of Pennsylvania. It contends that by serving notice upon counsel, an adversary is absolutely required to come, at his own expense, to the situs of a deposition, irrespective of the distance and irrespective of the expense involved.

In a multi-judge court such as ours, it is important that there be some consistency to decisions relating to discovery. This is especially true in the interpretation of the newer rules of discovery, which have been in an evolutionary process since June 1, 1951, when they were first made effective in this Commonwealth.

It is regrettable that, although many orders covering this same subject have been issued by the writer of this opinion and his predecessors in the pretrial court, the bar has not become as conversant as they should properly be with our many determinations.

At the oral argument of this cause, counsel for defendant announced in open court that to hold adversely to him would be contrary to all the cases on this subject and contrary to the language of the rules of civil procedure. We regret that prior to making this statement, counsel for defendant had not made himself familiar with the many, many precedents expressed by various

orders in this court and, in some instances, supplemented by written opinions, and apparently had failed to familiarize himself with the specific language of Pa. R. C. P. 4007 and 4011.

Admittedly, it is a hardship upon members of the bar when opinions of this court are not reported in the Pittsburgh Legal Journal or District and County Reports. But the reporting of cases is not the responsibility of the judiciary. The availability of reported cases would be of great assistance to the bar, and would prevent distinguished counsel from making such strong and unequivocal statements as was made in the oral argument of this case.

We consistently have held in many cases in the past, as have our predecessors in pretrial adjudications, that a party may have his adversary appear for the purpose of having his deposition taken. Where the adversary is a resident of Allegheny County, or relatively close to the situs of the deposition-taking, the question of expenses and counsel fees does not appear. Where, however, either plaintiff or defendant is required to embark upon expensive travel to come to the situs of the deposition-taking, we have, *where the circumstances indicate*, made his appearance contingent upon reimbursement for expenses. This is so, irrespective of whether the adversary is plaintiff or defendant in the proceedings: Sprung v. Medwid, October term, 1961, no. 1390, dated June 9, 1964.

The polestar in each of our decisions is whether justice and equity require the reimbursement for expenses and/or counsel fees.

Under certain facts, the imposition of extensive expenses and counsel fees will effectively deprive plaintiff of his remedy.

Pennsylvania Rule of Civil Procedure 4008 makes the imposition of such expenses and fees a matter of individual discretion. The fact that a nonresident plain-

tiff has chosen this forum is not the ultimate determinative of whether or not he must appear for a deposition at his own expense. In reaching an equitable result, the nature of the case, the importance of the deposition, the financial status of the parties, the feasibility of using written interrogatories, the importance of cross-examination by home counsel and the difficulty of briefing correspondent counsel must all be considered: 4 Goodrich-Am. §4008-5.

Pennsylvania Rule of Civil Procedure 4007 provides in section (a):

"Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case".

Rule 4011 provides:

"No discovery or inspection shall be permitted which . . . (b) causes unreasonable . . . expense or oppression of the deponent or any person or *party*. . . ." (Italics supplied.)

Walter W. Davis, plaintiff in this action, as a nonresident of Allegheny County, has the right to file an action in this court. Under our law, he may file this action, and have the case heard by a judge and jury without ever physically being present in Allegheny County or in a courtroom.* Under the practice of Pennsylvania, there is no requirement that a litigant per-

---

\* Under our rule 26, at settlement conferences the parties are asked to be available, but where plaintiff's counsel is armed with authority to negotiate and make settlements, the physical presence of plaintiffs is not required.

sonally be present at the trial of a civil action in this Commonwealth, although his failure to appear may subject him to the operation of certain presumptions of law: Brown v. Schock, 77 Pa. 471, 478; Dommes v. Zuroski, 350 Pa. 206, 208.

Under discovery, however, he may be required to present himself in a law office, or in a courtroom, or at some other reasonable place for the purpose of taking a deposition, if requested by his adversary.

The question then remains whether or not it is an unreasonable expense for a party to come to Pittsburgh from Toronto, Canada, under the concept of 4011. It will be conceded that Toronto, Canada, is certainly in excess of 100 miles. Traveling from one country to another, with attendant difficulties and expenses, presents unusual problems.

In the case of Societe Internationale pour Participations Industrielles et Commerciales S. A. v. Clark, 8 F.R.D. 565 (D. C. 1948), the court held that defendant must pay the necessary expenses if it wished to bring the various officers of plaintiff corporation to the forum for oral depositions.

It is indeed unfortunate that attorneys practicing before the common pleas courts of this commonwealth must look to the Federal decisions for reported authorities regulating practice and procedure. The Federal decisions are not always apposite, for the reason that discovery assumes a much more vital function under a notice-pleading system than under a fact-pleading system, and the fact that the Federal Rules of Civil Procedure contain no explicit counterpart to Pa. R. C. P. Rule 4008, which by its terms contains no exclusionary exception as to non-resident plaintiffs.

Pennsylvania Rules of Civil Procedure 4012(a) (2) provides that the court may order the deposition taken "in some designated place other than that stated in the notice".

We, therefore, hold that the deposition sought to be taken in Pittsburgh of a Canadian litigant would be a type of discovery causing unreasonable expense to a party litigant. If an offer to reimburse plaintiff for his travel expenses were made, then this objection would be met.

In the absence of an offer by defendant to pay for plaintiff's expenses for travel, food and lodging incident to his travel to, and his stay in the City of Pittsburgh for the taking of the deposition, plaintiff's motion for a protective order will be sustained.

### ORDER OF COURT

And now, to wit, May 3, 1965, it is ordered, adjudged and decreed that plaintiff's motion for a protective order be and the same is hereby granted.