## Jamison v. Saul

*Richard B. Gelade,* of *Weintraub and Gelade,* for plaintiffs.

*Michael P. Shay* and *Jackson M. Sigmon,* of *Sigmon and Ross,* for defendants.

WIEAND, *J.,* July 25, 1977 — When this action in trespass was filed, plaintiffs, Wilma L. Jasmison and Ward Jamison, were residents of the State of New Jersey. Following commencement of the action, plaintiffs moved to Aurora, Colorado. Defendants, Gary V. Saul and Angeline L. Saul, are residents of Lehigh County, Pennsylvania. They have given notice that they intend to take the depositions of plaintiffs in the offices of their attorneys in Bethlehem, Pennsylvania. They have also requested that wife plaintiff submit to a physical examination by Dr. Hugo Verbruggen, whose office is in Easton, Pennsylvania. Plaintiffs, through their attorney, have refused to submit voluntarily to the requested discovery and physical examina-

tion. Consequently, defendants petitioned for an order of court directing plaintiffs to appear as requested for purposes of discovery. An answer was filed, argument was presented and defendants' petition is now before the court for determination.

The real issue is not whether defendants can take plaintiffs' depositions but whether plaintiffs can compel defendants to pay travel and lodging expenses which will be incurred by plaintiffs in their journey to Pennsylvania.

Pa. R.C.P. 4007(a) provides: "Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

Rule 4011 places limitations upon a party's right to discovery. It provides, in part, that no discovery shall be permitted which "(a) is sought in bad faith" or "(b) causes unreasonable annoyance . . . expense or oppression to the deponent or any person or party."

In the instant case, defendants have already filed a series of 73 interrogatories which plaintiff, Wilma Jamison, has answered. An additional 25 interrogatories were filed upon husband plaintiff and have also been answered. These interrogatories were extensive and required detailed answers, which were given by plaintiffs. They recited the details of the vehicular accident which is the subject of the action, as well as the injuries

sustained by the wife plaintiff and the damages allegedly incurred by both plaintiffs.

In view of the extensive discovery which has already been accomplished, we believe it would be unreasonable to require plaintiffs to come from Colorado to Pennsylvania for oral depositions at their own expense. Thus, we will deny defendants' petition unless they agree to pay for plaintiffs' expenses for travel and for lodging while in Pennsylvania for the taking of depositions.

In Davis v. Pennzoil Co., 38 D. & C. 2d 289 (1965), the Court of Common Pleas of Allegheny County issued a protective order which disallowed the taking in Pittsburgh of depositions from plaintiff, a resident of Toronto, Canada, in the absence of an offer by defendant to pay plaintiff's expenses. See also: Milano Construction Co. v. Frye, Inc., 5 D. & C. 2d 705, 39 Erie 57 (1955). Compare: Klusko v. Gaines-Murfit Chevrolet, Inc., 16 D. & C. 2d 86 (1958). Federal decisions have reached a similar result. See: Patrnogic v. United States Steel Corp., 43 F.R.D. 402 (S.D. N.Y. 1967); Lawson v. Mathiasens' Tanker Industries, Inc., 21 F.R.D. 314 (E.D. Pa. 1957); Societe Internationale Pour Participations Industrielles et Commerciales S.A. v. Clark, 8 F.R.D. 565 (D.C. 1948). See also: Perry v. Edwards, 16 F.R.D. 131 (W.D. Mo. 1954).

Defendants argue that Pa. R.C.P. 4008, which permits the court to make an order for payment of expenses where a deposition is to be taken more than 100 miles from the courthouse, precludes by necessary implication a similar order where the depositions are to be taken within 100 miles of the courthouse. Plaintiffs selected the forum, they contend, and should make themselves available for depositions in that state.

This interpretation is unnecessarily strict and ignores the discretion and general supervisory responsibility vested in the courts by Pa. R.C.P. 4011 and 4012. Certainly if this court can limit discovery to written interrogatories because oral depositions would cause plaintiffs unreasonable annoyance or expense, it can make the payment of expenses a prerequisite for the taking of oral depositions in order to eliminate such annoyance and expense.

Similar considerations can and should guide this court in ordering wife plaintiff to submit to a physical examination pursuant to Pa. R.C.P. 4010. We should not order her to submit to a pre-trial examination in Pennsylvania unless defendants agree to pay the travel and lodging expenses incidental to her coming to Pennsylvania for that purpose.

Defendants will not be prejudiced nor will their rights under Pa. R.C.P. 4010 be impaired by such action. They can, if they prefer, wait until wife plaintiff comes to Pennsylvania for trial and have her examined by a physician at that time. It will undoubtedly be her physical condition at the time of trial which will be in issue, and defendants will in that event be the beneficiaries of an up-to-date report. Neither party need then incur the additional expense of a separate pre-trial trip to Pennsylvania by plaintiff for examination.

## ORDER

Now, July 25, 1977, defendants' petition for an order requiring plaintiffs to appear for oral depositions and directing the wife plaintiff to submit to a physical examination is denied except upon conditions set forth in an attached opinion.