### In re GOOD HOPE INDUSTRIES, INC., Debtor.

### LEHMAN BROTHERS KUHN LOEB, INC., Plaintiff,

### v.

### GOOD HOPE INDUSTRIES, INC., Defendant.

### Bankruptcy No. 75–2740–G.

United States Bankruptcy Court, D. Massachusetts.

Nov. 2, 1981.

Eric A. Deutsch, Canton, Mass., for plaintiff.

Jill W. Landsberg, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON DEBTOR'S MOTION FOR PROTECTIVE ORDER

PAUL W. GLENNON, Bankruptcy Judge.

This matter arises out of a claim filed by Lehman Brothers Kuhn Loeb Incorporated ("Lehman Brothers") and the objection of the Debtor, Good Hope Industries, Inc. ("Good Hope") to same. In preparation for trial on the disputed claim, Lehman Brothers seeks to take the depositions of John R. Stanley ("Stanley") and a witness to be designated by Good Hope, in Boston, Massachusetts. Lehman Brothers had noticed the depositions to take place in Boston on September 25, 1981. Good Hope filed the motion for protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, on September 22, 1981 seeking an order prohibiting the taking of the depositions of Good Hope and Stanley, or, in the alternative, requiring that these depositions be taken at the corporate headquarters of Good Hope in Kenner, Louisiana [1] at a date and time convenient to all counsel and to the deponents. Lehman Brothers filed its opposition to the motion on October 1, 1981.

1. Kenner is located just outside of New Orleans.

## BACKGROUND

The substance of Lehman Brothers' claim is that on or about June 17, 1975, it entered into an agreement with Good Hope pursuant to which Good Hope agreed to pay Lehman Brothers' predecessor, Kuhn Loeb & Co. ("Kuhn Loeb") $25,000.00 per month for three months in consideration of financial advisory services to be rendered by Kuhn Loeb. Lehman Brothers alleges that the services were in fact rendered by Kuhn Loeb for Good Hope, but that Kuhn Loeb only received payment for one month's work.

Lehman Brothers therefore filed a Proof of Claim in this proceeding on or about April 21, 1976 pursuant to which it sought payment of the unpaid balance of its fees, $50,000.00. On July 3, 1978, Good Hope filed its objection to Lehman Brothers' claim and in response to the Court's order to show cause why its claim should not be disallowed, Lehman Brothers filed its Answer in Support of Claim on July 28, 1978. Good Hope filed a Counterclaim in response to Lehman Brothers' Answer on March 18, 1980. A pre-trial conference was held on August 27, 1981 at which time November 9, 1981 was set as the trial date and September 25, 1981 established as the deadline for discovery. At the conference the Court, with the agreement of counsel for Good Hope, granted Lehman Brothers' motion for a protective order and ordered that the deposition of Lehman Brothers' designated witness, previously noticed to take place in Boston, be taken in New York City at the corporate headquarters of Lehman Brothers. The Court denied Good Hope's request that the expenses incurred in traveling to New York City to take the deposition be paid by Lehman Brothers. On Friday, September 18, 1981, after the close of business according to Good Hope, Lehman Brothers served a Notice of Deposition on Good Hope requiring it to produce Stanley and a designated witness for Good Hope in Boston, on September 25, 1981.

On Tuesday, September 22, 1981 Good Hope filed the motion for protective order, which is presently before the Court, setting forth as grounds that Lehman Brothers was attempting to notice depositions after the close of discovery, had failed to give reasonable notice of the depositions within the meaning of Rule 30 of the Federal Rules of Civil Procedure, and that any depositions should be taken in Louisiana, Good Hope's principal place of business and Stanley's residence. In support of this last contention, Good Hope cites 8 Wright and Miller, *Federal Practice and Procedure* § 2112 at p. 410 for the general proposition that when a party seeks to take the deposition of a corporation by its agents or officers the deposition should be taken at the corporation's principal place of business.

In opposing Good Hope's motion, Lehman Brothers contends that the September 25, 1981 deposition date was within the time period for discovery prescribed by the Court; that the September 18, 1981 notice date was reasonable in the circumstances of this case but in any event Lehman Brothers stands ready to reschedule the depositions at a convenient date in advance of the trial; and finally that the "general rule" governing the appropriate location for deposition of corporate witnesses is applicable only where the corporation in question did not have the opportunity to choose the forum in which the action was brought.

## DISCUSSION

It is the intention of the Court to decide the validity of Lehman Brothers' claim on the merits. Good Hope has not argued that Stanley, or the corporate witness to be designated, are not necessary to Lehman Brothers in the preparation of its case. Moreover, it has been the Court's frequent observation in the six years it has been intimately involved in the business life of Good Hope Industries, Inc. and its related corporations that Stanley exercised substantial direct personal control over the undertakings of these corporations and even over relatively routine day-to-day business operations. Therefore, the Court will assume that the depositions sought are reasonably necessary.

■ The court will not, on the basis of either of the first two procedural grounds argued by Good Hope, prohibit the taking of the depositions of Stanley and Good Hope. The contention that the September 25, 1981 deadline for completion of discovery somehow did not include September 25 is without substance. The Court's order was unambiguous. If the intent had been to limit discovery to the period up to but not including September 25, 1981 and thus to deviate from the commonly used and understood meaning of a deadline date, the Court would have used appropriate wording. As to the asserted unreasonableness of the notice, the Court notes that Good Hope has not to date shown a genuine interest in expediting the resolution of claims pending against it, that Lehman Brothers stands willing to reschedule the deposition date, and that the challenged depositions should assist the parties in their case preparation and ultimately contribute to a fair resolution of the disputed claim.

■ That leaves but one issue: whether the deposition should take place in Massachusetts as noticed or in Louisiana. Once location has been objected to it is within the sole discretion of the Court to designate the place of examination. Each application must be considered on its own facts and equities. *Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94 (S.D.N.Y.1968).

Certain guiding principles have emerged in the case law. Good Hope has cited to the Court a number of cases which stand for the proposition that an officer of a defendant corporation should be deposed at his residence or at his place of business or employment, even if the action is pending in a different jurisdiction[2], and has cited cases for the proposition that the deposition of officers of a corporation should ordinarily be taken at the corporation's principal place of business.[3] I find these cases nonpersuasive. An important fact distinguishes them from the case before the Court. In all the cited cases, with the exception of *Sprague Electric Co. v. Cornell-Dubilier Electric Corp.*, 4 F.R.D. 113 (D.Del. 1944)[4], the corporation which sought to be deposed at its place of business was a defendant in the action. Therefore, in addition to consideration of access to corporate records, there were present certain equitable considerations which shift the balance in the defendant corporation's favor. As a defendant, the corporation's involvement in the action is most likely involuntary and the corporation has not participated in the choice of forum. A survey of recent cases seems to indicate that rather than there being a special rule for corporations, the question of whether a corporate party should be deposed at the principal place of business depends upon whether the corporation is a plaintiff or defendant and the level of inconvenience involved. 4 Moore's Federal Practice ¶ 26.70 [1.–4].

■ In the proceeding presently before this Court it is Good Hope which chose the forum by filing its petition for an arrangement under Chapter XI in the United States Bankruptcy Court for the District of Massachusetts.[5] Thereby, Good Hope effec-

---

2. *Grey v. Continental Marketing Associates, Inc.*, 315 F.Supp. 826, 832 (N.D.Ga.1970); *Mitchell v. American Tobacco Co.*, 33 F.R.D. 262, 263 (M.D.Pa.1963); *Sprague Electric Co. v. Cornell-Dubilier Electric Corp.*, 4 F.R.D. 113, 114 (D.Del.1944); and *Cohen v. Penn R. Co.*, 30 F.Supp. 419, 420 (S.D.N.Y.1939).

3. *Wallace v. Shade Tobacco Growers Agricultural Ass'n.*, 21 F.R.Serv.2d 1130 (D.Mass. 1975); *Clark v. General Motors Corp.*, 20 F.R. Serv.2d 679 (D.Mass.1975); *Ellis Airlines v. Bellanca Aircraft Corp.*, 17 F.R.D. 395 (D.Del. 1955).

4. In *Sprague* the court ordered the deposition of plaintiff corporation's officers to take place at the plaintiff's place of business. However the real dispute seems to have been over the place of deposition of the corporate defendant. The court designated the defendant's place of business as the deposition site for the corporate defendant, noting the importance of the corporation having access to its books and records. "Especially is this so where, as here, the plaintiff and defendant are both engaged in war contracts." *Id.* at 114.

5. Even were the Court to conclude that Good Hope had no real choice in where it filed its Chapter XI petition, this Court shares the view of the district court in *Solomon v. Teitelbaum*, 9 F.R.D. 515 (E.D.N.Y.1949) that the plaintiff,

tively restricted all parties having claims against it to one forum, the United States Bankruptcy Court for the District of Massachusetts. Good Hope is in the position of putative plaintiff and as such cannot lay claim to rules developed to protect defendants who are involuntary participants in the legal proceeding, who had no say in the selection of the forum, and who stand to suffer great inconvenience. As putative plaintiff, Good Hope, absent exceptional circumstances in the nature of hardship, may be called upon to make itself available for depositions at the place it has selected for trial. *de Dalmady v. Price Waterhouse & Company*, 62 F.R.D. 157 (D.Puerto Rico 1973). Further, this Court is not inclined to allow a debtor, who has restricted its creditors to the Bankruptcy Court in Massachusetts, to force these claimants to incur the burden of traveling to the debtor's new location in order to get depositions.

The Court has considered circumstances which might shift the equities in Good Hope's direction. Good Hope, citing *Lawson v. Mathiasen's Tanker Indus., Inc.*, 21 F.R.D. 314 (D.Pa.1957), contends that it would not be unfair to require Lehman Brothers to come to Louisiana for the depositions since Lehman Brothers had ample opportunity to depose Stanley and Good Hope during the time period when Good Hope maintained its corporate headquarters in Massachusetts. The special circumstances present in *Lawson* do not appear to be present here, however. In *Lawson* the plaintiff, a California resident, had come to Philadelphia, the place of trial, some time prior to the trial and remained in Philadelphia for several weeks. During his stay counsel on both sides discussed the case. During this time defendant's counsel never sought to depose the plaintiff nor did he give any indication that the plaintiff's answer to interrogatories were not satisfactory. The trial date was continued at the request of the defendant and the plaintiff eventually returned to his home in California. Three and a half months later defend-

ant's new counsel sought to depose the plaintiff in Philadelphia. The district court found that these facts constituted special circumstances entitling the plaintiff to the protective order he had requested.

In our case the Court is not aware that Stanley has been available to Lehman Brothers for deposition in Massachusetts at any time reasonably preceding the time when the case was in preparation for trial. Further, if there has been dilatoriness, both parties are guilty. Good Hope did not file its counterclaim until March 1980, some time after Good Hope's move to Louisiana.

The point has been raised that this Court, having ordered Good Hope to take its depositions of Lehman Brothers at Lehman Brothers' principal place of business (New York City), in fairness ought to issue the same order for Good Hope. The Court will simply note that the posture of the parties and considerations of the convenience of both parties mandated the result reached. The facts and equities of each case being different, the fact that Lehman Brothers' was successful in its motion for a protective order is substantially irrelevant here.

■ The Court is mindful that the general rule that a party having chosen the forum should make itself available for examination in that forum is not inflexible. Special circumstances, such as hardship or financial burden, may outweigh any prejudice to the opponent. *de Dalmady* at 158. Counsel for Good Hope asserts that Stanley is under heavy time constraints with respect to carrying on the business of Good Hope. This assertion is not sufficient as a showing of hardship. This Court concurs with the district court in *de Dalmady* as to what type of showing on the question of hardship is required:

> In order for this Court to appropriately and responsibly use its conferred discretion on the matter, it must be placed in a position to adequately and carefully weigh all the relevant facts. This, plain-

having embarked upon the legal proceeding, should assume all the incidents thereof which

the law contemplates.

tiff has failed to do. All his statements in favor of his motion are contained in the unverified motion his attorneys filed. It is not sufficient that plaintiff's attorneys make naked assertions with respect to the financial and hardship conditions faced by him. Well prepared and complete affidavits on his part are necessary to corroborate and give substance to his attorneys' assertions. *de Dalmady,* 62 F.R.D. at 158.

Even overlooking the inadequacy of the showing on hardship and accepting that Stanley has very substantial business responsibilities and that his place of business is a considerable distance from Massachusetts, the Court does not find these circumstances to constitute extraordinary hardship such that would cause the Court to designate Louisiana as the place of examination. A round trip could be accomplished in a matter of twenty-four hours. Further, Stanley is not without business in Massachusetts. The attorneys who are handling the many legal proceedings taking place within the Chapter XI proceeding, including this one, are located in Boston. It may be noted that the usual situation in which courts have found that requiring the plaintiff to travel to the forum for the taking of the plaintiff's deposition would constitute a hardship were cases where the trips in issue required transoceanic or transcontinental travel and these cases were decided at a time when air transportation was less sophisticated than it is today.[6]

The Court does not find that the circumstances of this case make Louisiana a more appropriate location for the taking of the depositions of Stanley and Good Hope and so the Court declines to exercise its discretionary power to select another place of deposition.

■ The discretion of the Court also extends to the attaching of conditions concerning the payment of expenses under

Rule 30(b) of the Federal Rules of Civil Procedure. *Kovalsky v. Avis Rent-A-Car,* 48 F.R.D. 453, 454 (D.Puerto Rico 1969). The Court finds no basis for imposing the deponents' travel expenses on Lehman Brothers. If Good Hope is successful at trial of this action the Court will be amenable to allowing Good Hope to recover the travel expenses as among the costs of suit to which a prevailing party is entitled.

---

**6.** See *Hyam v. American Export Lines, Inc.,* 213 F.2d 221 (2nd Cir. 1954), (travel from Bombay to New York); *Forde v. Urania Transp., Inc.,* 168 F.Supp. 240 (S.D.N.Y.1958), (travel from Barbados to New York); *Ellis Air Lines v.* *Bellanca Aircraft Corp.,* 17 F.R.D. 395 (D.Del. 1955) (travel from Alaska to Delaware); *Timblo v. Rhode Island Ins. Co.,* 16 F.R.D. 563 (S.D.N.Y.1954) (travel from Portugese India to New York).