**Vincent MULVEY, et al.**

v.

**CHRYSLER CORPORATION, et al.**

**Civ. A. No. 84–0171 P.**

United States District Court,
D. Rhode Island.

March 14, 1985.

Guy J. Wells, Gunning, LaFazia & Guys, Providence, R.I., for plaintiffs.

John F. Toomey, Boston, Mass., for defendants.

Joseph V. Cavanagh, Sr., Jerry DeMaria, Higgins, Cavanagh & Cooney, Providence, R.I.; Alan N. Salpeter, Stephen M. Shapiro, Richard A. Salomon, Mayer, Brown & Platt, Chicago, Ill., for Chrysler.

John A. Baglini, Providence, R.I., for Harbourside Auto Sales, Inc.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

The Court is asked to reconsider an oral ruling it made on February 19, 1985 under Fed.R.Civ.P. 26 concerning the plaintiffs' motion to depose Lee Iacocca, Chairman of the Board of Chrysler Corporation, a defendant in the present action.

The matter came before me on the defendants' motion following an initial ruling by the Magistrate permitting the deposition in question. At best, it was in the nature of an appeal filed out of time; however, in order to avoid potential "injustice and great hardship," I reconsidered the Magistrate's ruling even though it modified the time limitations for the taking of an appeal to a District Judge. Local Rule of Court 51.

The plaintiffs seek damages for personal injuries resulting from an alleged defective design in the fuel system of the 1975 Dodge Van vehicles, as manufactured by the defendant corporation. The plaintiffs contend that in his published biography, Mr. Iacocca made certain damaging statements relevant to the defendant's liability, and the plaintiffs should now be given the right to explore the declarant's knowledge which underlies said statements.

The plaintiffs are in error when they claim that the defendant's arguments are pejorative and should not be permitted to frustrate an orderly discovery procedure. What they are attempting to do may well be the abuse they attribute to the defense. Unfortunately, discovery has become an abusive tool in the hands of certain attorneys; the end result is the enactment of procedural rules to curb such practices, and because of the pervasiveness of the abuse,

the bar may well see more curbs in the future.

Fed.R.Civ.P. 26 specifically gives the Court authority to limit discovery if it determines that the discovery sought is obtainable from other sources, that is, those that are more convenient and less burdensome. Now, the seriousness of this case must be kept in mind, and if Mr. Iacocca has any information, albeit inadmissible as evidence *reasonably* calculated to lead to the discovery of admissible evidence, he must be required to reveal the same. His prestigious position is an unimpressive paper barrier shielding him from the judicial process, and, I hastily add, I do not believe the defendants are attempting to use Mr. Iacocca's position in support of this motion. The fact remains he is a singularly unique and important individual who can be easily subjected to unwarranted harassment and abuse. He has a right to be protected, and the courts have a duty to recognize his vulnerability. In this case, he signed an affidavit professing ignorance to the information the plaintiffs seek; juxtaposed are the generalized damaging statements concerning Chrysler's former practices which warrant refining through discovery inquiry. Therefore, it seems to me the plaintiffs' rights will be fully protected as well as those of Mr. Iacocca, and that an orderly discovery process will be best served by resorting to interrogatories at this time, without prejudice to a subsequent oral deposition if the answers to the interrogatories so warrant.

The plaintiffs argue such interrogatories would be completely ineffective in that they will be met "with a screen of disavowal and evasion." I cannot accept that responsible counsel will permit this to happen; if it should, then the plaintiffs may seek the assistance of the Court which may well mandate the deponent present himself in the office of the plaintiffs' counsel for a deposition, should such a request be made.

I reaffirm my position and rule that the plaintiffs may propound written interrogatories to Lee Iacocca, and if the answers are shown to be insufficient, an application for the taking of his testimony by oral deposition may be made. *Mitchell v. American Tobacco Co.*, 33 F.R.D. 262, 263 (M.D.Pa.1963); *Colonial Capital Company v. General Motors Corporation*, 29 F.R.D. 514, 518 (D.Conn.1961).

It has been represented to the Court, and not disputed by the defendants, that while the Magistrate's order permitting the deposition was in full force and effect and after the appeal period had expired and before the defendants sought any relief from this Court, plaintiffs' counsel traveled to Detroit, Michigan for the taking of the deposition at the designated time and place; it was further represented that Mr. Iacocca did not appear; indeed, it was made known that he would not appear.

An outstanding order of this Court will not be ignored without appropriate sanctions. No viable justification for the defendant's apathy to the order has been presented to me. Therefore, it is ordered that defendant Chrysler Corporation's attorney shall reimburse the plaintiffs' attorney for all expenses incurred for his trip to Detroit, plus an attorney's fee of $600.00. This fee is computed on the assumption counsel devoted eight hours traveling to and from Detroit, including efforts to effectuate the deposition. The rate used is $75.00 per hour.

So ordered.